*Nov. Term, 1855.*

GREEN
v.
GREEN.

---

## GREEN *v.* GREEN.

7 | 113
140 | 562
7 | 113
145 | 59

In an action for a divorce, under the R. S. 1852, where the defendant is a non-resident, a publication of notice of the pendency of the suit, pursuant to the statute, is sufficient to give jurisdiction of the person of the defendant, without the issuing of a summons.

In a publication of notice to a non-resident defendant of the pendency of an action, it is not necessary, under the R. S. 1852, to specify the day of the commencement of the term at which the cause will stand for trial.

Petition, under the R. S. 1852, for a divorce, and decree for the plaintiff. There was no appearance by the defendant, nor by the prosecuting attorney. *Held*, that the neglect of the prosecuting attorney to appear, could not be assigned for error.

In a decree for divorce; the Court gave certain property to the wife for alimony, instead of a sum in gross. *Held*, under the R. S. 1852, that this was error.

Nov. Term,
.1855.

GREEN
v.
GREEN.

Friday,
November 30.

APPEAL from the *Putnam* Circuit Court.

PERKINS, J.—Complaint for divorce. Divorce decreed. No summons was issued for the defendant, but an affidavit of non-residence was filed, and publication of notice made. The notice was for the appearance of the defendant at the next term, without mentioning the day when the term was to commence. The defendant did not appear, and the divorce was decreed in the absence of any defence on the part of the prosecuting attorney. The Court decreed certain property to the complainant as alimony, but not a sum in gross.

It is insisted—

1. That a summons should have issued for the defendant, although he was a non-resident. See 2 R. S. 1852, pp. 235, 236, ss. 10 and 11.

2. That the notice to appear was bad, because it did not name the day on which the term of the Court would commence.

3. That it was error in the Court to decree a divorce upon a default, without an appearance by the prosecuting attorney.

4. That the decree for alimony, not being for a gross sum, is erroneous.

On the first point, we are of opinion that it was not necessary to issue a summons. It has not been understood, in general practice, that it was necessary to issue a summons where an affidavit was filed that the defendant was a non-resident, though the statute enacts (2 R. S., p. 35,) that a civil action shall be commenced by filing a complaint and issuing a summons thereon. We think the same construction should prevail in divorce cases, and section 38, p. 35, *supra*, expressly puts such cases on the same footing with others requiring publication of notice.

On the second point, we are of opinion that the notice was sufficient without naming the day on which the term of the Court commenced. It was for the appearance of the defendant at the next term, &c. Now, the time of holding the term is fixed by law, of which all suitors are bound to take notice; and, indeed, the day fixed for the

commencement of the term might be changed by the legislature after the publication of notice, and the defendant required to appear on the day subsequently named in the statute.  See 2 R. S., p. 35, ss. 37, 38.

Nor, thirdly, do we think the failure of the prosecuting attorney to appear and defend the cause, can be assigned for error.  The statute simply makes it his duty so to appear and act; but it does not say the Court shall not proceed if he fails to appear, nor does it make it the duty of the Court to require his appearance.  2 R. S., p. 238, s. 27.

The prosecuting attorney may subject himself to some liability for a neglect of duty, but this will not affect the regularity of the decree.

On the last point, the decree for alimony must be reversed.  The statute is express that such decree must be for a sum in gross.  In this case it was not.  *Rice* v. *Rice*, 6 Ind. R. 100.

GOOKINS, J., having been concerned as counsel, was absent.

*Per Curiam.*—The decree for alimony is reversed with costs.  The residue of the decree is affirmed.

*S. B. Gookins*, for the appellant.