S. S. MARSH *v.* JEREMIAH WILLIAMS and JAMES BRINKLEY.

As the Code of Civil Procedure does not provide for the writ of *Recordari* until further legislation, the Courts must be governed in respect to that writ by the rules of the Common Law.

Attachment under the Code is not an original but an auxiliary remedy, and can be issued only for the causes specified in §§ 197—201.

A Justice of the Peace has no power to *depute* a special officer to execute civil process.

(*Garlick* v. *Jones*, 3 Jon. 404 cited and approved.)

ORIGINAL ATTACHMENT, before *Jones, J.*, upon a writ of *recordari*, at Fall Term 1868 of the Superior Court of BEAUFORT.

In September 1868, the plaintiff sued out the attachment before a Justice of the Peace, which after reciting that the plaintiff had made oath before him "that Jerry Williams and James Brinkley are jointly indebted to him in the sum o

one hundred and fifty dollars, and the said Edward S. Marsh having given bond," &c., directed the property to be seized, &c. Upon the writ was an endorsement by the Justice deputing one Ormand, "in the absence of a lawful officer," to execute it.

Under the attachment Ormand seized certain personal property, as the property of the defendant Williams, who was present and protested against the seizure. After judgment was given, Williams desired to appeal, but was informed that. he could not without depositing a large sum in cash, which he was unable to do.

On the 9th of November, Williams filed a petition before Jones, J., in the Superior Court of Beaufort county, praying for a recordari, and an injunction against the parties who purchased the property at the sale under the attachment. His Honor ordered the writ to issue as prayed for, and also allowed a writ of supersedeas.

Upon returns under these orders coming up for consideration, his Honor, after argument by counsel, adjudged that the proceedings before the Justice were illegal and void; that the property seized under the attachment should be delivered up to the petitioner; and that the plaintiff in the attachment should. pay all costs.

Thereupon the plaintiff appealed.

Warren & Carter for the appellant.

Sparrow & Satterthwaite, contra, cited Wilson v. Britton, 26 Barb. 564; Garlick v. Jones, 3 Jon. 404.

DICK, J. There is no provision made in the Code of Civil Procedure, for the writ of recordari. This important remedial writ, or some proceeding of the same nature is almost indispensable in the due administration of justice. Until the practice and proceedings in such cases, are established and regulated in the Code, the Courts must be governed by the rules of the common law. The writ of recordari in the nature of a writ of error, is the proper proceeding to set aside the

false judgment complained of. In such cases the merits of the matter are not enquired into, but only questions of law are considered.

The proceedings before his Honor in the Court below are some what irregular in form, but they are sufficient in substance to meet the ends of justice.

The defendant Marsh sued out an original attachment before a Justice of the Peace, against the property of the plaintiff in this case. This kind of process has been abolished by the Code, and now the original process in every civil case is the *summons.* The warrant of attachment can be used as an auxiliary remedy to secure the satisfaction of a judgment which may be obtained by the summons and complaint, but it can only be issued upon affidavit for causes specified in sections 197 and 201.

The proceedings before the Justice set forth in this case, are not only irregular but void, for the following reasons:

1st. There is no summons to sustain the auxiliary remedy of attachment.

2d. It appears that Williams was in the county, and was not attempting to evade process.

3rd. The affidavit does not set forth that the debtor has removed or is about to remove his property from the State, or to assign, dispose of, or secrete the same *with intent to defraud his creditors.*

4th. The Justice had no right to depute a special officer to execute civil process, *Garlick* v. *Jones*, 3 Jon. 404.

There are other irregularities, which it is unnecessary to notice. The whole matter was before his Honor in the Court below, and although the proceedings are somewhat irregular, substantial justice has been done. The judgment must be affirmed. Let this be certified.

PER CURIAM.                    Judgment affirmed.