The State *v.* Brinneman *et al.*

Filed Oct. 16, 1889.

———————————◆———————————

No. 13,810.

THE STATE *v.* BRINNEMAN ET AL.

DIVORCE.— *Undefended Petition.—Duty of Prosecuting Attorney.—Striking Out Pleading.*—Under section 1038, R. S. 1881, it is the duty of a prosecuting attorney, when a petition for divorce remains undefended, to appear and resist the petition ; but where, after he has filed an answer, the defendant appears and answers, the court may, without error, strike out the pleading of the prosecutor, as the latter may, if he has reason to believe that the proceeding is collusive, continue his appearance and proceed under the pleadings of the parties.

From the Wells Circuit Court.

*E. C. Vaughn,* Prosecuting Attorney, for the State.

*A. N. Martin* and *A. L. Sharpe,* for appellees.

MITCHELL, J.—Sarah A. Brinneman complained of her husband, Solomon Brinneman, and charged that the latter, for more than two years next before the commencement of

this suit, failed to make any reasonable provision for her support, or that of her infant child.   She prayed judgment, dissolving her marriage with the defendant.

The prosecuting attorney appeared and answered, denying the material allegations of the complaint.   Afterwards the defendant appeared in person and by attorney and answered by a general denial.   Thereupon the court, upon the motion of the plaintiff, struck out the answer of the prosecuting attorney, notwithstanding the latter deposed to the effect that he had reason to believe that the appearance and answer of the defendant were merely colorable, and for the purpose of furthering the design of the plaintiff to obtain a divorce without sufficient cause.   At the hearing, the court gave judgment in favor of the defendant, upon a cross-bill, in which he charged the plaintiff with having abandoned him.

This appeal is by the State, and the only question involved relates to the propriety of the ruling of the court in striking out the answer of the prosecuting attorney.   Recognizing the interest which the State has in maintaining the family relation, and in preventing the dissolution of the marriage tie by collusion, the statute makes it the duty of the prosecuting attorney, whenever any petition for divorce remains undefended, to appear and resist the petition.   Section 1038, R. S. 1881; Scott v. Scott, 17 Ind. 309; People v. Dawell, 25 Mich. 247 (12 Am. Rep. 260).

Public policy requires that the marital relation shall not be severed for inadequate causes; that families shall not be broken up and disrupted from unworthy motives, and that reconciliation shall be effected if practicable or possible. The prosecuting attorney has a public duty to perform, and it is his right to perform that duty without unreasonable embarrassment.   Jordan v. Westerman, 62 Mich. 170 (28 N. W. Rep. 826).

The proper interpretation of this statute must be that, in the absence of an appearance by the defendant in a proceed-

ing for divorce, it becomes the duty of the prosecuting attorney to enter an appearance for the defendant, and resist the petition, by taking all proper steps to prevent the granting of a divorce, unless the facts make a case entitling the petitioner to a judgment.

Where, however, the defendant appears and answers, it may be presumed that a *bona fide* defence is intended, and unless there is good reason to believe that the appearance and answer are a mere pretext and cover, intended to assist in obtaining a collusive divorce, the prosecuting attorney has no further duty to perform. Even if he should believe that the defendant did not contemplate a *bona fide* defence, so long as the latter had an answer or cross-complaint on file there could be no necessity that the prosecutor should also have a separate answer in order to enable him to resist the petition. The answer of the defendant was sufficient, no matter what his purpose was in filing it.

In the interest of the State, it would doubtless be the duty of the prosecutor, notwithstanding the appearance and answer of the defendant, to appear and resist the petition, and take all proper steps to defeat the obtaining of a divorce by collusion, in case there appeared reasonable ground to believe that the appearance and defence were merely colorable.

The prosecuting attorney was in no way hindered from appearing and resisting the petition in the present case. It does not appear that he offered any evidence which the court refused to hear, or that he was in any way denied the fullest opportunity to resist the granting of a divorce on the petition of the plaintiff, or the cross-petition of the defendant.

There was, therefore, no error in the ruling of the court in striking out the answer of the prosecutor, after the defendant had appeared and answered. We decide nothing as to the right of the State to appeal in a case like this, no such question having been made.

The judgment is affirmed, with costs.

Filed Oct. 17, 1889.