BEST v. BRITISH AND AMERICAN CO.

(Filed May 28, 1901.)

1. ATTACHMENT—*Publication of Summons.*

Where, in attachment, it appears from the whole record that the statute has been substantially complied with, the action will not be dismissed, nor the attachment dissolved.

2. SERVICE OF PROCESS—*Process—Summons—Publication—The Code, Sec. 218—Attachment.*

The Code, Sec. 218, does not require the issuance and return of summons not served as a basis for publication of summons.

3. ATTACHMENT—*Publication of Summons—Cure of Defects—Alias Order—Notice of Warrant of Attachment—The Code, Sec. 352.*

Where a publication of summons in attachment, began July 11, 1900, was defective in not containing notice also of the warrant of attachment, an alias order of publication, duly made prior to the November Term, cured the defect.

ACTION by B. J. Best, surviving partner of B. J. & R. E. Best, against the British and American Mortgage Company, heard by Judge *Fred. Moore,* at March (Special) Term, 1900, of the Superior Court of GREENE County. From a judgment dissolving attachment of plaintiff and dismissing the action, the plaintiff appealed.

*Geo. M. Lindsay,* for the plaintiff.
*L. V. Morrill,* and *Battle & Mordecai,* for the defendant.

CLARK, J.   On 17th July, 1900, upon affidavit and undertaking of plaintiff, the Clerk of the Court issued an attachment against the property of the defendant, which was a non-resident of the State, and on the same day ordered that the summons and notice of attachment be served upon the defendant by publication.   The complaint was filed the same day.   The summons was published in a newspaper in the county for six weeks prior to August Term, 1900.   On August 11, the warrant of attachment was received by the Sheriff, and it was served 13th August, 1900, by attaching $25.00 belonging to the defendant which was in the hands of the garnishee.   After August Term, 1900, an alias order of attachment and publication was obtained from the Clerk of the Superior Court, returnable to November Term, 1900.

This was a proceeding begun in July, 1899, but that and everything that was done in it must be disregarded and go for naught, for there was a discontinuance by reason of failure to keep up an unbroken chain by issuing alias summons.

This proceeding must stand as if the first paper was issued 17th July, 1900, and upon the regularity of what was done that day or has been done since.   As to that, it seems to us that, without reciting and discussing the numerous cases cited us, the proceedings since 17th July, 1900, as they stood corrected and amended at November Term, 1900, have been substantially in compliance with the statute, and that being so, the common sense rule, and the one in conformity with The Code system, is stated by FAIRCLOTH, J., in *Grant v. Burgwyn,* 79 N. C., 513, as follows: "Where, in a proceeding by attachment, it appears from the *whole* record that the provisions of the statute have been substantially

complied with, the action will not be dismissed nor the attachment dissolved."

The Code, section 276, provides: "The Court and the Judge thereof shall, at every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."

It can not be complained of that the summons was not issued 17th July, 1900, but only an order for publication of summons was then made. As the affidavit then filed set forth that the defendant was a non-resident, and that fact is not denied, it could have served no purpose to issue a summons merely to be returned with an endorsement of the fact of non-service by reason of non-residence of defendant. Besides, that had been done in July, 1899, and though by reason of the failure to keep up the chain of aliases that summons conferred no rights upon the plaintiff, still it was a fact of which the Court had notice. This is not a contest between creditors as to priority of lien against defendant.

Indeed, The Code, section 218, does not require the issuance and return of summons not served, as a basis for publication of summons. It provides merely: "Where the person on whom service of the summons is to be made can not, after due diligence, be found in the State, and that fact appears by affidavit to the satisfaction of the Court," etc., then an order for publication of summons may be made.

The publication of summons begun 17th July, 1900, was defective in not containing notice also of the warrant of attachment, as required by The Code, section 352, but that was cured by the alias order of publication (*Mullen v. Canal Co.*, 112 N. C., 109), which was made in due time and complied with prior to November Term, 1900. *Bank v. Blossom*, 92 N. C., 695; *Penniman v. Daniel*, 90 N. C., 154. At that term, all requirements had been complied with and the

cause was regularly in Court.   The service of the amended warrant of attachment is sufficient to confer jurisdiction. *Winfree v. Bagley,* 102 N. C., 515; *Cooper v. Security Co.,* 122 N. C., at page 465.

The motion to dissolve the attachment and dismiss the action was made, it is true, at August Term, 1900, and continued without prejudice, but at the hearing, November Term, 1900, the defects complained of had been cured by the alias order and publication thereunder of summons and affidavit.   It was too late then to dissolve the attachment and dismiss the action.

Error.