McCLURE v. FELLOWS.

(Filed December 16, 1902.)

SERVICE OF PROCESS—*Summons—Publication—Attachment—The Code, Secs. 161, 199, 218, 219, 352 and 567.*

In attachment, The Code, Sec. 218, requires the issuance and *return* of summons *not served* as a basis for publication of summons.

CLARK, J., dissenting.

Action by W. K. McClure against C. A. Fellows and others, heard by Judge *W. A. Hoke,* at May Term, 1902, of the Superior Court of Mitchell County.    From a judgment for the plaintiff, the defendants appealed.

*J. T. Perkins,* for the plaintiff.
*S. J. Ervin,* for the defendants.

Cook, J.    The defendants entered a special appearance and moved to vacate the attachment and dismiss the action, upon the ground that *no summons had* issued, and that the levy of the attachment was void and of no effect.    His Honor overruled the motion, and defendants excepted and appealed.

From the facts agreed, it appears that the summons was filled out and signed by the Clerk, but *never issued* to the Sheriff, or to any one for him, but *remained* in the office of the Clerk.    An order of publication of the summons and of the warrant of attachment was duly signed by the Clerk, and the same was duly published.    So the question raised by defendants' exception for our decision is, did the publication pursuant to the order of the Clerk dispense with the *issuing* of the summons?

There are only two ways by which a civil action may be commenced:    1. By issuing a summons; The Code, Sec. 199. 2. By submitting a controversy without action; The Code, Sec. 567.    When the former method is resorted to, the action is *commenced* when the summons is *issued* (Sec. 161), and not until that is done.    But if the defendant sees proper to do so, he may appear without a summons and thereby waive its issuance.    *Moore v. Railroad,* 67 N. C., 209; *Littleton v. Duffy,* 73 N. C., 72; *Etheridge v. Woodley,* 83 N. C., 11; *Fleming v. Patterson,* 99 N. C., 404.    However, no such waiver was made in this case.

The summons was not *issued.*    It did not pass from the

hands of the Clerk. It was never delivered to the Sheriff, nor to any one for him, expressly or impliedly. Therefore, it was never issued. *Webster v. Sharpe,* 116 N. C., 466 (at page 471). It was in process of issuance, and had it been delivered to the Sheriff, or to some one for him, its issuance would have become complete, and been in force and of effect from the time of the filling out and dating by the Clerk.

The plaintiff contends that the order by the Clerk of the publication of the summons and notice of attachment, and the actual publication thereof, as required by statute (The Code, Secs. 219 and 352), dispensed with the formality of issuing a summons to the Sheriff, who would have (knowing the defendants to be non-residents and not within his county), to make a return of *non est inventus,* and that the defendants were in no way prejudiced by the fact that the *summons* was not issued from the Clerk's office; that as full and actual notice was given to defendants by the publication when and where to come and defend their property as if the summons had in fact been issued; that the Court acquired jurisdiction of the property levied upon under such order and publication, and that it would have been useless for the Clerk to have handed to the Sheriff the summons for him to enter thereon, "Not to be found in North Carolina after due search," and then to hand it back to the Clerk, when the fact that defendants were not residents, and could not be found in the State, already appeared to the Court by affidavit.

This contention can not be sustained, for it is contrary to the express requirements of The Code and the rulings of this Court.

Attachment is a provisional or ancillary remedy, and derives its life and support from the *action,* which can exist only when constituted in one of the ways above stated. So, there being no *summons* to support the action, and no waiver of the same, all the proceedings had were not only irregular, but void. *Marsh v. Williams,* 63 N. C., 371 (at page 373).

The service attempted to be made by publication was a nullity, for no summons had been issued, and therefore none could be served. The warrant of attachment may be granted to *accompany* the summons, or at any time after the *commencement* of the action (The Code, Sec. 348), but not before. Here, the attachment issued, but no summons. So it was void and of no effect. *Marsh v. Williams, supra.*

Error.

Furches, J., concurring. After full consideration, I regret that I feel it my duty to concur in the opinion of the Court written by Justice Cook, as it necessarily overrules the case of *Best v. Mortgage Co.,* 128 N. C., 351, an opinion in which I concurred.

I agree with Justice Clark that *Best v. Mortgage Co.* fully sustains the plaintiff's contentions, and under that decision the plaintiff's action should be sustained. But that case is in direct conflict with *Webster v. Sharpe,* 116 N. C., 466, and *Marsh v. Williams,* 63 N. C., 371, and can not stand if they stand. They can not stand together.

*Best v. Mortgage Co.* is wrong, or *Webster v. Sharpe* and *Marsh v. Williams* are wrong. As this is so, I feel it my duty to agree with that opinion which seems to me to be sustained by reason and the necessary construction of statutes. The Code has abolished attachments, as original actions, and made them only *ancillary remedies* given in an action then subsisting. *Marsh v. Williams, supra.* And all actions must be commenced by *issuing a summons* (except in one instance pointed out in the opinion of the Court). The issuance of a summons is more than simply filling it out; it must be *issued* as well. *Webster v. Sharpe,* cited in *Currie v. Hawkins,* 118 N. C., 593. I am therefore satisfied that the opinion of the Court (by Justice Cook) is sustained by reason, principle,

McClure v. Fellows.

the statutes and the authorities cited, and that *Best v. Mort-gage Co.* is not.    It is said this objection is only technical, and it makes no difference whether the summons *was issued* or not; that if it had been issued, it could never have been served, as the Court had evidence before it that the defendant was a non-resident.    If it be admitted that the defendant was a non-resident, still he might have been in the county, and liable to be served.

But if it be conceded that the *issuance* of the summons in this case was technical, still it was fundamental in constituting the action in Court, and must be observed.    The action in *Marsh v. Williams* was dismissed for the reason that no summons had been issued.    And, in my opinion, when the Court finds that it has committed an error, and thereby brought its own opinions in conflict with each other, the sooner it is corrected the better, unless the opinion has become what is called *stare decisis* and a rule of property.

DOUGLAS, J., concurring.    I concur in the opinion of the Court as delivered by Justice Cook, upon the express words of the statute.    Section 199 of The Code provides that "Civil actions shall be commenced by issuing a summons."    Section 218 simply provides for *service* of the summons by publication.    It does not pretend to do away with the issuing of the summons, nor does it provide that the publication shall take the place of the summons.    There can be no service of the summons unless there is an existing summons to be served.

This, I think, clearly appears from section 219, which prescribes how the summons shall be served by publication, and ends with the following provision: "And no publication of the summons, nor mailing of the summons and complaint, shall be deemed necessary."    It does not say that no issuing of the summons shall be necessary, and yet it could just as easily have said so if such had been the intention of the Legislature.    I think there is a material difference between

this case and *Best v. Mortgage Co.*, 128 N. C., 351. That case holds (2d Syl.) that: "The Code, Section 218, does not require the issuing and *return* of *summons not served* as a basis for publication of summons." The italics are mine, and emphasize the effective words of the decision. There may be some unguarded expressions in the opinion, but these must be construed with regard to the facts of the case.

CLARK, J., dissenting. The appellee not having filed a brief as required by Rule 36 (as amended at this term), we could not permit oral argument by him, and hence were without the benefit of hearing from that side. The rule requiring printed briefs, experience has demonstrated to be an absolute necessity for the careful consideration and despatch of the steadily increasing volume of business in this Court, and must be strictly and impartially adhered to. Notice has long been given that the Court would be forced to adopt such rule, which we believe is in force in the highest Courts of all our sister States.

Fortunately for appellee, however, the only point presented on this appeal has been recently and clearly decided by this Court in an opinion (*Best v. Mortgage Co.*, 128 N. C., 351), which was followed by the Judge below. It having been made to "appear to the satisfaction of the Court," by affidavit, that the defendants were non-residents of the State; that a cause of action existed against them, and that after due diligence they could not be found in the State, service was ordered to be made by publication as provided on that state of facts by The Code, Sec. 218. That section does not require that non-residence should be made to appear by issuance to the sheriff, and a return "not to be found in my county"; but requires that it shall appear "by affidavit to the satisfaction of the Court that he can not be found within the State," which course was followed in this case.

It appears from the "Facts Agreed" that this "action was begun by publication of summons returnable to April Term, 1899, Mitchell Superior Court," that "the affidavits for attachment and publication were in due form and sufficient in form under the laws of North Carolina for the purposes for which they were intended, to-wit, to procure an order for the publication of summons and the issuance of attachments." It further appears in detail by the case agreed, that the attachment of property and publication and affidavits, and every step required in such proceedings were regular from start to the return term, save that the defendants contend that there was no summons issued in said case, and this is a motion at that term to dismiss the action and dissolve the attachment on that ground.

The authorities and the statute are of course uniform that an attachment is ancillary, and can only be granted when there is an action pending; that is, begun by issuing a summons. *Marsh v. Williams,* 63 N. C., 371. There was a regular summons in this case, and it was regularly served by publication, instead of by personal service, since the latter could not be had, the defendants being non-residents, and it appearing to the Court "by affidavit to the satisfaction of the Court" (as the statute requires), that "after due diligence defendants could not be found in this State." Why, then, issue thereafter a summons to the sheriff? The statute does not require it, and the precedents say it is not necessary, and nothing could be accomplished by doing so. The summons in such case is "issued" when it is ordered to be published and is sent to the printer to be served by publication, as truly as when it is handed to the sheriff to be served personally. The "service is by publication," and that was regularly had, and jurisdiction was obtained by attachment of the property, and that was also regularly had in this case.:

The cases of *Houston v. Thornton,* 122 N. C., 365; 65 Am.

St. Rep., 699, and *Webster v. Sharpe,,* 116 N. C., 466, relied
on by defendants, hold merely that as to the statute of limita-
tions the summons is "issued" in cases where there is a per-
sonal service, when it leaves the Clerk's office to be handed
to the Sheriff.    They do not hold that that is the only mode of
"issuance" of summons.    On the contrary, when the service
is to be by publication, the summons is issued when it leaves
the Clerk's office to be served in that way.    In both cases
the actual service is later, in publication at the end of the
prescribed time, and in personal service when the defendant
is found and served by reading the summons to him and leav-
ing him a copy.

In the late case of *Best v. Mortgage Co.,* 128 N. C., 353,
this identical point was decided by a unanimous Court after
full consideration, and it is said: "The Code, Sec. 218, does
not require the issuance and return of summons not served,
as a basis of publication of summons.    It provides merely
'where the person on whom service of summons is to be made
can not, after due diligence, be found in the State, and that
fact appears by affidavit to the satisfaction of the Court,'
etc., then an order for publication of summons may be made."
And it is also said in the same: "As the affidavit then filed
sets forth that the defendant was a non-resident, and that fact
is not denied, it could have served no purpose to have issued
a summons merely to be returned with an endorsement of the
fact of non-service by reason of non-residence of defendant."

The statute requires such fact to be shown "by affidavit to
the satisfaction of the Court," and not by such perfunctory
presumption as that the defendant is a non-resident of the
State, because the sheriff may return "not to be found in my
county," where there are ninety-six other counties in the
State.    The statute is more just to the defendant and was
strictly followed in this case.

Our precedent, above cited, is not only recent, by a unani-

McCLURE v. FELLOWS.

mous Court, and directly in point, but it is supported by the rulings in other States, exactly "on all fours." *Bannister v. Carroll* 43 Kan., 64; *Larimer v. Knoyle, Ibid.,* 338; *Green v. Green,* 7 Ind., 113; *Wood v. Bissell,* 108, *Ibid.,* 229; *Mills v. Corbett,* 8 How. Pr., 500; *Bank v. Richardson,* 34 Oregon, 536; 75 Am. St. Rep., 664; *Goodale v. Coffee,* 24 *Ibid.,* 354; *Easton v. Childs,* 67 Minn., 242; *Huffman v. Brung,* 83 Ky., 400, and there are many others. In equity, a subpœna was not necessary when non-residence was made to appear by affidavit, and publication was made. *Erwin v. Ferguson,* 5 Ala., 167.

The law presumes that every man is in possession of his property, either in person or by some agent, and that the actual levy and seizure of the property will give him notice of the attachment or seizure, and the publication of the summons is for the sole purpose of notifying him when and where he may come and defend his property. *Cooper v. Reynolds,* 77 U. S., 309; *Bernhardt v. Brown,* 118 N. C., 700; 36 L. R. A., 402.

The defendant further objects that this attachment was not at that time indexed on the judgment docket as required by Chapter 435, Laws 1895. That is not a pertinent objection on this motion, and can only arise on a contest for priority of liens between creditors.