## YEAGER v. YEAGER ET AL.

[No. 6,738. Filed February 19, 1909.]

1. TRIAL.—*Motion for Venire de Novo.—Time for Making.—Judgment.*—A motion for a *venire de novo* must be made before the rendition of judgment. p. 314.

2. TRIAL.—*Special Findings.—Omissions.—Venire de Novo.*—Where the special findings omit facts material to plaintiff's right of recovery, it must be held that the plaintiff has failed to prove same, and a motion for a *venire de novo* is not the proper procedure to reach the alleged defect. p. 314.

3. JUDGMENT.—*Res Judicata.—Divorce.*—A judgment in a divorce case concludes the parties thereto as to all matters litigable within the issues. p. 315.

4. DIVORCE.—*Parties.—State.—Duty of Courts.*—The State is a proper third party to all divorce suits, and it is the duty of the court, of its own motion, to inquire into all the facts, whether they are, or are not set out in the pleadings. p. 315.

5. DIVORCE.—*Duty of Courts.—Prosecuting Attorneys.—Statutes.*—Although §§1050a-1050c Burns 1901, Acts 1901, p. 336, provide for compensation for prosecuting attorneys for defending undefended divorce cases, the trial court has the inherent right to accept the services of any *amicus curiae* in defending such cases, or in informing the court of the facts. p. 316.

From Gibson Circuit Court; *Simon L. Vandeveer*, Special Judge.

Divorce proceeding by Thomas R. Yeager against Laura E. Yeager, The State of Indiana, by the prosecuting attorney, intervening. From a judgment denying a divorce, plaintiff appeals. *Affirmed.*

*Henry A. Yeager*, for appellant.

*James Bingham*, Attorney-General, *A. G. Cavins, E. M. White* and *H. M. Dowling*, for appellee.

ROBY, J.—Appellant is the husband of appellee Yeager. In March, 1906, appellant commenced suit for a divorce from said appellee on the ground of abandonment for more than two years. Defendant filed a cross-complaint, alleging the same cause of action, and also asked for a divorce. An-

swers were filed, and the case was tried May 6, 1906. The court found for the defendant on the plaintiff's complaint, and for the plaintiff on the defendant's cross-complaint, and dismissed the case, at plaintiff's costs.

On September 27, 1906, appellant began this suit by filing a complaint with substantially the same allegations as were contained in his former suit. Said appellee's cross-complaint varied from the one previously filed, in that it asked for $500 alimony. Answers were filed, a change of judge was taken, and the cause was set for trial on January 15, 1907. On that day the prosecuting attorney appeared and filed pleas of former adjudication, setting up the prior judgment. Motions to strike out the appearance of the prosecutor and demurrers to the special answers were overruled and exceptions reserved. Trial was had, special findings made, and conclusions of law stated thereon "that neither plaintiff nor defendant is entitled to a decree of divorce in this suit." Appellant excepted to the conclusions of law, and filed a motion for a *venire de novo*, which was overruled.

There was no error in overruling the motion for a *venire de novo*. It should have been made before judgment was rendered. *McClintock* v. *Theiss* (1881), 74 Ind. 200;

1. *Potter* v. *McCormack* (1891), 127 Ind. 439; *Shaw* v. *Merchants Nat. Bank* (1877), 60 Ind. 83, 94; *Bennett* v. *Simon* (1899), 152 Ind. 490; *Sloan* v. *Lick Creek, etc., Gravel Road Co.* (1893), 6 Ind. App. 584, 594; Elliott, App. Proc., §762; 1 Works' Practice (3d ed.), §974. But had the motion been seasonably made, it should have

2. been overruled; the omission to find certain facts in terms being equivalent to a finding against the party having the burden of proof. *Glantz* v. *City of South Bend* (1886), 106 Ind. 305; *Maxwell* v. *Wright* (1903), 160 Ind. 515.

The conclusions of law stated were correct. The findings show an adjudication, by a court having jurisdiction of the

subject-matter of the action and of the parties, of
3. the matters which are set up in the case at bar. Such
adjudication concludes the parties. An applicant
for a divorce can no more, after an adverse judgment, hie
himself off to another court, or by a change of judge try
the same issues again, than can the litigant in any other
kind of a case.

It is said in argument that "the contention in this appeal
is between the appellant and the prosecuting attorney." In
this counsel are much mistaken. The State is a third
4. party to all suits for divorce. *State* v. *Brinneman*
(1889), 120 Ind. 357, 358; *Scott* v. *Scott* (1861),
17 Ind. 309; *McMakin* v. *McMakin* (1896), 68 Mo. App.
57, 62; 2 Bishop, Mar., Div. and Sep., §§489, 498. The
marriage relation is one upon which civilized society is de-
pendent both for tolerable present conditions, and for per-
manence; and as was forcibly said in *Scott* v. *Scott, supra:*
"The obligations imposed thereby, it appears to us, are
somewhat different from those resting upon parties in a
mere contract for the purchase of a mule or a hog." The
interests of the State in a divorce case are in the keeping of
the court. Whenever, in the course of the trial, it appears
that the action is collusive or barred, it is the duty of the
judge, regardless of the pleadings of the married parties,
fully to inquire of his own motion, as the representative of
the State, into such facts or circumstances, and to act in
accordance with the facts thus developed. *Ribet* v. *Ribet*
(1864), 39 Ala. 348; *Peck* v. *Peck* (1887), 44 Hun 290, 292;
*Dutcher* v. *Dutcher* (1876), 39 Wis. 651, 668; *Owen* v.
*Owen* (1892), 48 Mo. App. 208; *Moore* v. *Moore* (1890),
41 Mo. App. 176; *Foster* v. *Redfield* (1877), 50 Vt. 285,
290; *Dismukes* v. *Dismukes* (1873), 1 Tenn. Ch. 266; 2
Bishop, Mar., Div. and Sep., §663; 9 Am. and Eng. Ency.
Law (2d ed.), 729.

The act of 1901 (Acts 1901, p. 336, §§1050a-1050c Burns
1901), referred to in argument, imposes certain duties upon

the prosecuting attorney, and fixes his compensation therefor. The power of the court fully to investigate the facts in divorce cases does not depend upon this act. It is an inherent and essential power, and in exercising it the court may accept the services of any officer or member of its bar, and in refusing to strike out the answer of former adjudication filed by the prosecuting attorney, as well as in entering his appearance, it did no more than to indicate to the married parties the general course or trend that the investigation by the court would take upon the evidence, even though formal intervention by the prosecuting attorney, or any other person, were unallowable. *Parker* v. *State, ex rel.* (1892), 133 Ind. 178, 220, 18 L. R. A. 567; *State, ex rel.,* v. *Rost* (1897), 49 La. Ann. 1451, 22 South. 421; *Ex parte Randolph* (1833), 2 Brock. (U. S.) 447, 461, Fed. Cas. No. 11,558; 2 Cyc., 281-284; 2 Ency. Pl. and Pr., 758, 759. What the prosecutor did might have been done by any *amicus curiae,* and without any intervention or answer it would have been the duty of the judge to do what he did.

Judgment affirmed.