MEMORANDUM ORDERING A REHEARING
LUHRING, J.
This is a petition for an absolute divorce on the ground of desertion. The parties were married at Richmond, Virginia, May 31st, 1928, and lived there until January 1st, 1933, when it is alleged that the defendant “left, abandoned and deserted” the plaintiff and, “on or about the 1st day of September, 1931,” came to Washington, D. C. The plaintiff alleges that she moved to Washington, D. C., on the 6th day of February, 1933, “in the hope of being with her husband,” but that he refused to “reunite with and resume the marital vows” with the plaintiff. She charges in her petition that she did nothing to cause the defendant to “leave and desert” her, and that “said.desertion was wilful and voluntary” on his part.
The defendant answered, admitting that he left plaintiff “on or about the date assigned” but alleges that “such action was caused by the inability of plaintiff and defendant to live together further as man and wife due to the irreconcilable conflicts that had arisen between them.”
The cause came on for hearing on the 14th day of February, 1936, and neither of the parties appeared. They were represented by counsel.
The plaintiff wife testified by deposition, and offered the testimony of one witness to the effect that she and the defendant had not lived together for two years prior to the month of October, 1935. The petition was filed October 9th, 1935.
*116 The serious question arises as to the propriety of permitting a plaintiff in a divorce action to testify by deposition. Here the deposition was taken on interrogatories, and no cross-interrogatories were propounded by the defendant. He expressly waived his right to file such cross-interrogatories, although his answer raised a pertinent issue of fact.
Jurisdiction to hear and determine divorce actions is conferred upon the equity side of this court, and it is a general rule in trials in equity that the testimony of witnesses shall be heard orally by the court as in actions at law. Equity Rule 55, Supreme Court, D. C. To the same effect is Equity Rule 46 of the Supreme Court of the .United States. This general rule may be departed from only when permitted by statute, or “for good and exceptional cause,” which must be shown by affidavit. Equity Rule 47, Supreme Court, U. S. No such affidavit was filed. The practice of referring matters in equity to an examiner or commissioner to take proof applies in suits for divorce or nullity of marriage ‘ ‘ only in exceptional cases. ’ ’ Equity Rule 43, Supreme Court, D. C. These are most salutary rules when applied to the testimony of witnesses in divorce cases, a fortiori, when such witness is a party plaintiff.
“A proceeding for the dissolution of the marriage relation involves interests other than those of the husband and wife who are the parties complainant and defendant. The separation of husband and wife by judicial decree concerns vitally the children, if any, of the discordant couple, and affects, in a general way, the home life and domestic relations of the people, the public morals, the prevailing system of social order, and, in a greater or lesser degree, the welfare of every citizen.” Decker v. Decker, 193 Ill. 285, 287-288.
The marriage relation cannot be dissolved by mere act' of the parties. It is a matter of public interest, and the state is an implied party to all suits for divorce and is often *117 called a third party. As was said by Mr. Justice Van Orsdel in Simmons v. Simmons, 57 App. D. C. 216, 217: “The interest of the state extends beyond the private grievances of the parties directly involved. It sponsors the welfare of society and the sanctity of the marriage relation.”
It is the duty of the court in all divorce cases to stand as a representative of the state and protect its interests. Yeager v. Yeager, 43 Ind. App. 313. But, how can this be done when the complaining party does not appear and orally testify? Under such circumstances, the court is denied the right of cross-examination, and also the opportunity to observe the manner and demeanor of the witness while testifying. “The power of cross-examination has been justly said to be one of the principal, as it certainly is one of the most efficacious, tests, which the law has devised for the discovery of truth.” Greenleaf Evid. (16th Ed.), Sec. 446. Experience has demonstrated that one of the surest ways to determine the credibility of any witness is to observe the manner and demeanor of that witness on the stand. "Without this opportunity to observe, the court is unable to determine the just weight and value of the testimony.
In order that-the trial court may discharge fully and completely its duty to the state, there must be the personal appearance of the plaintiff at the hearing. It has been the practice in this jurisdiction to require the presence of the plaintiff, and there is no reason here to dispense with that practice, nor to depart from the general rule requiring oral testimony in equity causes.
Without intending to deviate from the practice prevailing here, the court has examined the deposition of the plaintiff and finds it unsatisfactory, not only as to her residence in the District of Columbia, but also as to the time and place of the alleged desertion. It does not warrant a decree dissolving the marriage.
*118 In view of the objection made by the court of its own motion to the deposition, a rehearing is granted so that the plaintiff may personally appear and orally testify if she is so advised.
Cause is referred to Assignment Commissioner for reassignment for hearing.