BERRY-ENRIGHT LUMBER COMPANY *v.* GARDNER ET AL.

[No. 15,266. Filed April 14, 1937. Rehearing denied June 16, 1937. Transfer denied September 24, 1937.]

*Louis M. Hammerschmidt, Milton A. Johnson,* and *Ralph E. Allen,* for appellant.

*Seebirt, Oare, Deahl & Omacht,* for appellees.

KIME, J.—This was an action brought by appellees on a judgment obtained by them in Lincoln County, Province of Ontario, Canada, against appellant, upon which there remained due $1,205.44. The complaint alleged that the judgment had been recovered in the foreign country; that the court was a court of general jurisdiction; that the defendant had entered its appearance in said court through attorneys which gave the court jurisdiction; that the judgment had been duly rendered; that an execution had issued and that $48.75 had been secured by reason of seizure and sale of personal property belonging to the defendant in Ontario.

To this complaint the defendant answered in two paragraphs, first, general denial and second, a paragraph of answer alleging that it was not at that time a resident of Lincoln County, Province of Ontario, Canada; that that court had no jurisdiction over it; that it had not employed an attorney to represent it in the cause wherein the judgment was rendered and that if such appearance was made it was made without authority, which answer was replied to by general denial. Trial was had before a jury which rendered a verdict for $1,386.24. Motion for new trial was filed and overruled and judg-

ment was rendered on the verdict. The grounds of the motion which are properly presented are that the verdict of the jury is not sustained by sufficient evidence; that it is contrary to law; alleged error in the admission of certain evidence, and alleged error in refusing to grant a new trial for newly discovered evidence.

The judgment of a foreign court is always open to the inquiry as to jurisdiction of the parties. 15 R. C. L. §401, Judgments. Here the jurisdiction was questioned. The appellant said the court did not have jurisdiction because personal service was not had. The appellees say that this is true but by voluntary appearance of the appellant, through attorneys, the Ontario court acquired jurisdiction of the parties. This was the main question to be decided in the St. Joseph Circuit Court and was decided by the jury against the appellant. The complaint of the appellees said, in effect, that we have recovered a judgment in a court of a foreign country and ask that we be given a judgment thereon here. The appellant's answer said, in effect, that the appellees are not entitled to a judgment here because the court of the foreign country did not have jurisdiction of the parties. To sustain the complaint the appellees submitted in evidence a copy of that judgment complete and regular upon its face bearing a seal and disclosing that the court in which it had been rendered had a judge and a clerk and that the foreign court had, after a trial, rendered a judgment for $1,254.15. There was evidence that the appellant had by letter corresponded with attorneys relative to the suit; that these attorneys had entered their appearance and so notified the appellant. That appellant was fully aware of the appearance by the attorneys.

It is an established rule that voluntary appearance of a party gives the court jurisdiction of that party and

that jurisdiction continues throughout all subsequent proceedings which arise out of that cause of action. Restatement, Conflict of Laws, §76. Thus every element necessary for the trial court to render a judgment was present. Upon the evidence introduced the jury decided that the trial court in the foreign country had jurisdiction of the parties.

The judgment is complete and regular on its face. It comes from a court which has a judge, a clerk and a seal. The presumption is therefore that the judgment is prima facie valid. The judgment discloses that there was a trial at which evidence was introduced; that the defendant had notice; that the court made a finding and rendered a judgment or decree. There is a further presumption that all actions of a court are correct. We must presume then that the court would not act unless it had jurisdiction of the subject-matter of the particular action upon which it purported to render a judgment and that it had jurisdiction of the parties.

By the law of Indiana an appearance by an attorney for a party to an action, unless it is a special appearance, gives the court jurisdiction of the parties. From the judgment it must be inferred that the Ontario court determined that the appearance was such as would subject the defendant to the jurisdiction of that court.

The appellant also complains of the admission of evidence relative to a certain law of Ontario, Canada, without this law having been pleaded. This was not error under the issues in this case as it was merely evidence tending to establish the appellees' right to recovery and the law of the foreign country may be proved without having been pleaded, as it is unnecessary to plead evidence. *Bierhaus et al.* v. *The Western Union Telegraph Company* (1893), 8 Ind. App.

246, 34 N. E. 581; Section 2-1616 Burns 1933, §282 Baldwin's 1934 and Acts 1881 (Spec. Sess.), ch. 38, §343, p. 240.

The appellant complains that the court erred in allowing the judgment to be introduced into evidence for the reason that the judgment did not include the entire pleadings that had been had in the trial court and in support of this contention cites some old Indiana cases which have since been overruled. The law is now that if the judgment is complete and regular upon its face and shows that it came from a court that had a judge, a clerk and a seal that it is unnecessary for all the pleadings to be set out. *Mansfield* v. *Hinckle* (1923), 81 Ind. App. 6, 139 N. E. 700.

The appellant further complains that a witness for the appellees was allowed to testify as to certain acts performed by him when it had not been established that he had authority to perform these acts. This was not error for the reason that at that time the evidence disclosing the authority under which he had proceeded had been admitted in evidence.

The appellant complains of the fact that the trial court did not grant a new trial because of newly discovered evidence. The only newly discovered evidence which the appellant tendered was a telegram in which one word was changed, which evidence was and had been available to it since the time it sent the telegram. It was not error for the court to refuse to grant a new trial on this kind of so-called newly discovered evidence. Even if this had been admitted into evidence it would not have necessarily affected the result which was reached in the trial court.

From a review of the entire case it is clear that the trial court did not commit any reversible error and the judgment is affirmed.