## YOCUM v. YOCUM.

[No. 768A128. Filed May 16, 1969. No petition for rehearing filed.]

Paul E. Brown, Esq., and Gonderman and Brown, of Wabash, for appellant.

Byron C. Kennedy, Esq., Richard W. Sand, Esq., and Rockhill, Vanderveer, Kennedy & Pinnick, all of Warsaw, for appellee.

WHITE, J.—This is an appeal from a judgment for the defendant-appellee in an action seeking a declaration that a decree of divorce previously rendered in the same court is null and void. The plaintiff-appellant was the defendant in the divorce action. Prior to the filing of the divorce case, she executed a property settlement agreement in her husband's attorney's office and went to the Sheriff's office where she was served with the summons; but she did not appear in person or by attorney at any time in the divorce action. In pertinent part the entry containing the divorce decree reads:

> "Comes now the plaintiff and appears in person and with counsel, and it appearing to the Court that the Defendant has been duly served with process more than ten days before the day on which the summons herein was made returnable, and the defendant upon being called three times in open court and comes not is wholly in default. Comes now the Prosecuting Attorney and enters appearance for the Defendant and files herein Answer in one paragraph as follows, to-wit: (h.i.)

"And this cause being at issue, is submitted to the

. . . . .

"It is, therefore considered and adjudged by the Court that the bonds of matrimony heretofore existing between the Plaintiff and the Defendant herein be, and they are hereby, dissolved and that Plaintiff, DONALD WAYNE YOCUM, is hereby granted a divorce from the Defendant, JEANETTE LOUISE YOCUM.

. . . . .

"It is further considered and ordered by the Court that the Property Settlement Agreement filed herein, be, and it is hereby approved and made a part of this decree, as follows, to-wit:

[The property settlement agreement is then set out verbatim.]

"APPROVED BY ME THIS 15 day of August, 1967.

JOHN W. BEAUCHAMP
John W. Beauchamp
Judge, Wabash Circuit Court."

The complaint to have the divorce decree declared null and void, as amended at the trial, stated that the decree "is voidable or void for the following reasons:

"A. The Prosecuting Attorney did not appear on behalf of the State of Indiana in the original cause of action and any document purporting to show any appearance by the Prosecuting Attorney is a nullity.

"B. The Prosecuting Attorney was not notified that the petition for divorce in the original action remained undefended.

"C. The Prosecuting Attorney did not resist and defend the petition for divorce in the original action."

The case was tried to the court on the issues formed by an answer denying the above allegations and denying the allegation that appellant had a meritorious defense to the divorce action. The judgment below as "that the prayer of plaintiff's complaint to set aside the judgment herein be and it is hereby denied and that plaintiff pay the costs of the action."

The undisputed evidence at the trial showed that, pursuant to a long established custom in the trial court, neither the prosecutor nor his deputy appeared in the divorce action, but a pre-signed answer of denial, available for that purpose in the court-room, was filled-in with the name and number of the case by appellee's attorney and filed with the clerk. Also, that no notice was given by the trial court to the prosecutor, although there is some indication that he knew the divorce case was being tried. There was also evidence of events leading up to the execution of the property settlement agreement, its execution, and various activities of the parties up to the time of the trial of the case now here on this appeal. Most of such evidence, if it had any pertinence, related to a paragraph of complaint which was dismissed by appellant at the time she rested. No fraud is alleged and appellant does not contend that any was proved.[1]

Without considering whether appellant has pursued the proper procedural course, we hold that failure of the divorce trial court to notify the prosecuting attorney and the failure of the prosecuting attorney to appear and defend the divorce action in no way affects the validity of the divorce.

*Green v. Green,* 7 Ind. 113, 115 (1855), was an appeal from a decree of divorce rendered in appellant's absence and without the appearance of the prosecuting attorney. The court said:

1. In the memorandum appended to her motion for new trial appellant's counsel does charge that appellee's attorney of record in the divorce case "undertook to represent both sides in the litigation". Counsel then quotes from *Bizik v. Bizik,* 124 Ind. App. 146, 161, 111 N.E. 2d 823 (1953), as follows: "When an attorney attempts to represent both parties in litigation, he perpetrates a fraud on the Court." There is no charge and no evidence, however, that in any way said attorney defrauded appellant. On the contrary, the specific charge of dual representation was merely that the attorney "had written the property settlement agreement along the lines that she [appellant] had proposed."

"Nor, thirdly, do we think the failure of the prosecuting attorney to appear and defend the cause, can be assigned for error. The statute simply makes it his duty so to appear and act; but it does not say the Court shall not proceed if he fails to appear, nor does it make it the duty of the Court to require his appearance. 2 R.S., p. 238, s. 27.

"The prosecuting attorney may subject himself to some liability for a neglect of duty, but this will not affect the regularity of the decree."

At the time the only statute in effect concerning defense by the prosecuting attorney, as the quotation indicates, was:

"3-1212 [1105]. When prosecutor to resist.—Whenever a petition for divorce remains undefended, it shall be the duty of the prosecuting attorney to appear and resist such petition. [Acts 1873, ch. 43, § 26, p. 107.]"

Since that time Ind. Acts 1913, Chapter 64, §§ 1 and 3, (Burns §§ 3-1213 and 3-1215) have made it the duty of the court to notify the prosecuting attorney of undefended divorce actions and to request the prosecutor to appear and defend any divorce action which, to the judge, appears collusive. Appellant urges that *Green v. Green, supra,* implied that, if such statutes had then existed, failure to observe their mandates would have rendered the divorce void. We do not so read it. On the contrary, we hold that what the court there said of the effect of the prosecuting attorney's failure to perform his statutory duty can also be said of the trial court's failure to perform the duties imposed on it by the 1913 Act.

Whatever may be said of the public policy of discouraging divorce and particularly collusive agreements to facilitate proof of grounds for divorce, there is also an underlying, unformulated, public policy which favors the security and stability of a society in which citizens can rely on the authenticity and veracity of public records, including the recitals and declarations of recorded judgments. The purpose of the public policy which discourages easy di-

vorces on frivolous grounds is also served by the policy which discourages the setting aside of divorces once granted, especially when the infirmity alleged is not apparent on the face of the judgment.[2]

Were we to hold that the divorce in this case is void or voidable, what person who had obtained a divorce after default by his or her spouse (or what defaulting spouse) could be certain of his or her marital status? To be sure, most prosecuting attorneys, either in person or by deputy, make a personal appearance at default trials and occasionally ask questions, but every judge and every prosecuting attorney knows that serious defenses by prosecutors, such as that made by the prosecuting attorney in *Yeager v. Yeager*, 43 Ind. App. 313, 87 N. E. 144 (1908), are a thing of the past. In fact, a truly contested divorce trial (except for a contest over property or custody) is almost as rare as a steam locomotive or a street car. To hold that the divorce here in question could be set aside because the prosecutor failed to appear and defend would seriously jeopardize not only the many so-called default divorces but also the thousands of divorces in which the defendant has appeared only by an attorney who has called no witnesses, who has asked no questions of plaintiff's

---

2. This public policy manifests itself in many rules such as the presumption that a judgment of a domestic court of general or superior jurisdiction imports verity and every reasonable presumption will be indulged in support of its regularity and validity. *Clark v. Clark*, 202 Ind. 104, 172 N. E. 124 (1930); *Exchange Bank v. Ault*, 102 Ind. 322, 1 N. E. 562 (1885). Also, the presumption that a judgment, complete and regular on its face, coming from a court having a judge, clerk and seal is *prima facie* valid. *Berry-Enright Lumber Co. v. Gardner*, 104 Ind. App. 9, 7 N. E. 2d 523 (1937).

In citing these cases as manifestations of a public policy protecting reliance on judgments of record, we are not asserting that the specific holding in any such case is dispositive of the issue in the case at bar. In particular, we are not deciding whether the case at bar involves a collateral attack or a direct attack on the divorce in question. On the contrary, we are saying that it makes no difference how the alleged infirmity here asserted is raised. Public policy is served by upholding this decree and similar decrees, whatever may be the mode of attack.

witnesses and who has made no argument against the granting of the divorce.

The out of state cases cited by appellant involve statutes entirely different from ours and are of no persuasive effect.

We do not wish anything said here to be interpreted as approval of collusive divorces or as approval of any shirking by prosecuting attorneys or divorce court judges of the duties imposed on them by the statutes we have mentioned. So long as these statutes remain the law of this State[3] it is the duty of all judges and prosecuting attorneys faithfully to see that all divorce actions are vigorously defended.

All that we here hold is that the failure of the judge and the prosecutor, or either of them, to do what the law requires to be done in this regard, "will not [as stated in *Green v. Green*, 7 Ind. at 115] affect the regularity of the decree [of divorce]."

Judgment affirmed. Pursuant to Ind. Acts 1881 (Spec. Sess.) Ch. 38, § 652, being Burns Ind. Stat. Ann. § 2-3237, the appellee shall recover costs.

It is so ordered.

Pfaff, C.J., Hoffman, Sharp, J.J., concur.

NOTE.—Reported in 247 N. E. 2d 532.

---

3. The 1969 regular session of the 96th Indiana General Assembly did pass repealers of those statutes which the Governor vetoed.