Charles Bernard CAMPBELL, Appellant,

v.

Lloyd Gwendolyne Randolph CAMPBELL, Appellee.

No. 7610.

District of Columbia Court of Appeals.

Argued Feb. 28, 1974.

Decided Sept. 17, 1974.

Earl H. Davis, Washington, D.C., for appellant.

Suzanne V. Richards, Washington, D.C., for appellee. William T. Birney, Washington, D.C., was on the brief for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This is an appeal from a judgment of absolute divorce entered against appellant in which his wife was granted a money judgment for support in arrears, custody of their children, and sole title to the parties' real property. Appellant's main contention is that his rights were prejudiced by the failure of court-appointed counsel to "actively defend the cause" pursuant to D.C.Code 1973, § 16–918(a), and also that the absence of counsel resulted in a divorce decree being entered against him in violation of D.C.Code 1973, § 16–919.

The facts of this case are rather complicated, involving as they do, three separate divorce actions. The first, filed in November 1969 was for a limited divorce and the other two, filed in December 1970 and August 1972, respectively, sought an absolute divorce. The three cases were pending simultaneously and eventually consolidated.

For purposes of disposition of this appeal, however, the latter action is the one of primary concern. The record of that case reflects that defendant (husband) was personally served with a summons and a complaint but that no answer was filed on his behalf although he had filed a pro se general denial to the first action. On February 5, 1973, the court assigned an attorney to "enter an appearance for the de-

fendant . . . and actively to defend the cause." This assignment was required by D.C.Code 1973, § 16–918(a):

> In all uncontested divorce cases, and in any other divorce or annulment case where the court deems it necessary or proper, a disinterested attorney shall be appointed by the court to enter his appearance for the defendant and actively defend the cause.

On April 13, 1973, the attorney filed an affidavit in lieu of answer.[1] That affidavit stated that on February 8, 1973, he had sent a letter to defendant, at 5807 Fifth Street, N.W., informing him of the allegations of plaintiff's complaint. The affidavit states that the letter, sent via certified mail, was returned to him on March 1, 1973, indicating it was "Unclaimed". The affidavit further stated that on March 7, 1973, counsel mailed another letter to the defendant again calling attention to plaintiff's action, and that this letter was never returned to the affiant.

The affidavit closed with the following:

> Your Affiant has heard nothing from the defendant, and therefore, is without sufficient information or knowledge to admit or deny the allegations of plaintiff's Complaint, and accordingly demands strict proof of said allegations.

When the case came up before the motions judge on May 30, 1973, the court noted the absence of defendant's attorney[2] but said that since he had filed an affidavit in lieu of answer it could proceed in his absence. The court then entered an order consolidating the three cases and proceeded to hold an ex parte hearing on the merits resulting in the awarding to plaintiff of an absolute divorce and other relief as previously described.

One purpose of having an attorney appointed to "actively defend the cause" is to assert the District of Columbia's interest in divorce actions. The idea that the state is a third party to every divorce action is well established in this country. In some jurisdictions the state's interest is asserted through a state attorney,[3] in others the judge is charged with guarding the state's interest,[4] and yet in others, as in the District, a private attorney is appointed to perform that function.[5]

There is no case law in this jurisdiction defining or describing the role of an appointed attorney for an absent defendant and the legislative history of the statute is unilluminating. Here the defendant was served with process and during the long period these proceedings were pending did not choose to appear personally or to retain counsel.

Consequently, it becomes necessary to examine the nature of the District's interest in the proceedings. It has been said that the District "sponsors the welfare of society and the sanctity of the marriage relation."[6] Its role in divorce actions has been described as follows:

> In a divorce suit the state becomes in a sense a party, not necessarily to oppose, but to make sure that a divorce will not prevail without sufficient and lawful cause shown by the real facts. Both the policy and the letter of the law concur in *guarding against collusion and fraud.* 17 Am.Jur. 155 [Gage v. Gage, 89 F.Supp. 987, 991 (D.D.C.1950); emphasis added.]

---

1. *See* Super.Ct.Dom.Rel.R. 17(d)(3)(II).

2. Appellant represents to us on appeal that the appointed attorney was unable to attend the hearing because of a serious illness.

3. *See* Yocum v. Yocum, 144 Ind.App. 510, 247 N.E.2d 532 (1969).

4. *See* Gregory v. Gregory, 92 Cal.App.2d 343, 346, 206 P.2d 1122, 1124 (1949).

5. This is not, of course, to say that in the District the Judge does not also protect the District's interest. *See* Cannon v. Cannon, 80 F.Supp. 79 (D.D.C.1936).

6. Simmons v. Simmons, 57 App.D.C. 216, 217, 19 F.2d 690, 691 (1927).

Divorces may only be granted where specified grounds therefor exist. *See* D.C. Code 1973, § 16–904. As to the proof required, D.C.Code 1973, § 16–919 prohibits the granting of divorce "on default, without proof".

Considering this statutory and case law background, it can readily be said that the requirement that an appointed attorney represent an absent defendant is intended, in one respect at least, to prevent collusive divorces or divorces by consent. *See* Pierson v. Pierson, 189 A. 391, 394, 15 N.J. Misc. 117 (N.J.Court of Chancery 1937).

That function cannot be performed when neither the defendant nor his appointed attorney is present at the divorce hearing. The contention, that the appointed attorney's absence was unimportant in this case because the attorney had been "unable to contact the defendant" and therefore had no role to play in the proceeding, is without merit. It would be illogical and contrary to the statutory scheme to so define the duties of the appointed attorney as to make it unnecessary for him to be present at the divorce hearing whether or not he had been able to contact the defendant. An appointed attorney when he deems it advisable could test the validity of the plaintiff's case by the cross-examination of the plaintiff and plaintiff's witnesses. He may find cause to contest the legal sufficiency of the grounds for the divorce as alleged in the complaint. This does not mean that defense counsel must, regardless of the circumstances, contest every divorce action for frequently the facts afford no grounds for contest.

We conclude that an attorney, appointed pursuant to D.C.Code 1973, § 16–918, must be present at the divorce fact-finding hearing, even if he has been unable to contact the defendant and it is error to grant a divorce without a fact-finding hearing at which the appointed attorney is present.

We are not unmindful of the seeming inequity involved in allowing a "defaulting" defendant to overturn a divorce judgment against him. But as long as our statute prohibits divorces "on default, without proof" requiring at the same time that uncontested actions be "actively" defended by a court-appointed attorney, we cannot sustain divorce decrees unless a reasonable effort is made to comply with the statutory scheme.

Reversed and remanded for a new trial.