ADAMS v. STATE OF INDIANA, EX REL. RICHARDSON.

[No. 25,072.   Filed December 11, 1925.]

1.  BASTARDS.—*Prosecution for bastardy, is a civil action.*—A prosecution for bastardy is a civil action.   p. 81.

2.  BASTARDS.—*Complaint, not demurrable for omitting, allegation that child was born within two years.*—A complaint in a bastardy proceeding alleging that relatrix had been delivered of a bastard child was not demurrable for not alleging that the child was born within two years of the institution of the prosecution.   p. 81.

3.  BASTARDS.—*Complaint, sufficient if it, informs defendant of the nature of the action and states sufficient facts that judgment thereon will bar another suit for same cause.*—Bastardy prosecutions, being civil actions commenced before justices of the peace, a complaint comes within the rule that a complaint before a justice is sufficient if it informs the defendant of the nature of the action and states sufficient facts that a judgment thereon will bar another suit for the same cause. p. 81.

4.  BASTARDS.—*Argument of counsel directing, jury, to look at child and bring, in verdict for its support and education not reversible error where court refused request to instruct jury, to disregard the statement because child's features could not, be seen by, jurors.*—Refusal of the court to instruct the jury, to disregard statement made by attorney for relatrix in the argument of the cause that the jury should look at the relatrix and "look at this little child in her arms and bring in a verdict for its support and education" was not reversible error where it was not shown that the child was close enough to the jurors that they could see its features.   p. 83.

5.  BASTARDS.—*Credibility, of witnesses on the trial of a bastardy, proceeding, is for the jury, or judge trying, the case.*—The credibility of witnesses on the trial of a bastardy prosecution is for the jury, or judge trying the case.   p. 84.

From Marion Circuit Court (713) ; *Harry O. Chamberlin,* Judge.

Prosecution for bastardy against Moses Adams. From a judgment for the relatrix, the defendant appeals. [Transferred to the Supreme Court under subd. 2, §1357 Burns1926, §1394 Burns 1914.]   *Affirmed.*

*R. L. Bailey,* for appellant.

*E. L. Johnson, James T. V. Hill* and *Joseph K. Brown,* for appellee.

PER CURIAM.—Appellant was the defendant in a prosecution on the charge of being the father of a bastard child. Overruling his demurrer to the complaint is the first error assigned. The complaint was verified and read as follows: "Comes now the plaintiff, the relatrix, Beulah R. who being duly sworn according to law deposeth that she has been delivered of a bastard child which is now living, and that Moses Adams is the father thereof." The objection to its sufficiency urged by counsel is that it failed to charge that affiant's child had been born within two years before the prosecution was instituted, although §1030 Burns 1914, §995 R. S. 1881, limits the right of action for this cause to a period of two years after the birth of the bastard child. Doubtless the better form of complaint would state the date of birth of the child. Watson, McDonald's Treatise 410. But preceding sections of the statute, of which the section above cited constitutes §18, provide as follows: "When any woman who has been delivered of or is pregnant with a bastard child shall make a complaint thereof in writing, under oath, before any justice of the peace, charging any person with being the father of such child, such justice shall, by his warrant, cause such person to be arrested and brought before him." §1049 Burns 1926, §1013 Burns 1914, §978 R. S. 1881. "Upon the arrest of such person, or the return of the warrant that he cannot be found, such justice shall proceed to hear and determine such complaint." §1051 Burns 1926, §1014 Burns 1914, §979 R. S. 1881. "The prosecution shall be in the name of the state of Indiana, on the relation of the prose-

cuting witness; but the rules of evidence shall be the same as in civil cases, and the mother of the child, if of sound mind, shall be a competent witness." §1050 Burns 1926, §1015 Burns 1914, §980 R. S. 1881. "If the justice, on hearing, adjudge the defendant to be the father of the child, he shall, if such defendant is in custody, require him to give bond in a sum not less than $200.00 * * * conditioned that he will appear at the next term of the circuit court of such county to an-swer such complaint * * * and shall transmit such bond, together with a transcript of his proceedings in the cause, without delay, to the clerk of the circuit court of the proper county. * * *" §1053 Burns 1926, §1016 Burns 1914, §981 R. S. 1881. "The trial and continuance thereof of such prosecution, both before the justice and in the circuit court shall, in all respects not herein otherwise provided for, be governed by the law regulating civil suits." §1058 Burns 1926, §1018 Burns 1914, §983 R. S. 1881. Accordingly, the courts have many times held that a prosecution for bastardy is a civil suit commenced before a justice of the peace. *Reynolds* v. *State, ex rel.* (1888), 115 Ind. 421, 17 N. E. 909. And there is nothing in the statute which suggests a legislative intent that in such an action the complaint shall affirmatively show that the right of action is not barred by the statute of limitations, while making that fact one of three matters which, alone, must be pleaded specially in order to be available as defenses in other civil actions before justices of the peace, all defenses but the statute of limitations, set-off and matter in abatement being put in by the statute without pleading them. §1901 Burns 1926, §1749 Burns 1914, §1460 R. S. 1881. On the contrary, it was the obvious purpose to bring such cases, except so far as modified by the statute above quoted, within the rule that in civil cases originating before justices of the peace, a com-

plaint is sufficient if it informs the defendant of the nature of the claim, and makes such a record that a judgment in the suit thereon may be used as a bar to another action for the same cause. *Smith* v. *City of New Albany* (1910), 175 Ind. 279, 293, 93 N. E. 73. No error was committed in overruling the demurrer to the complaint.

Appellant does not complain of the insufficiency of the evidence on this point, which showed, without dispute, that the bastard child of relatrix was born less than five months before the complaint was filed.

Appellant complains of the alleged misconduct of the attorney for relatrix, when making his closing argument to the jury, in pointing to relatrix, who sat

4. in the court-room with her child in her arms, and saying: "Look at this girl, and look at this little child in her arms, and bring in a verdict for its support and education." But it is not shown that the child was close enough to the jury or in such a position that the jury could see its features, or even that its face was uncovered, or that the attorney in any manner suggested an inspection of its countenance or a comparison thereof with the face of the defendant, except so far (if at all) as some such suggestion may be implied by the request to "look at it." Counsel for the defendant objected to the statement and requested the court to instruct the jury that it would be improper to compare the features of the child with those of defendant, and to disregard the argument. This the court refused to do, at the same time remarking that it would be impossible for the jurors to discern the features of the child at the distance it was from them. The court is not shown to have abused its discretion in the matter of controlling the argument.

The evidence fairly sustains the verdict, and the instructions fairly stated the law. Much was proved

tending to impeach the testimony of the relatrix.

5. But she testified to facts which, if believed, fully justified the verdict, and the credibility of the witnesses was a matter for the determination of the jury and the judge of the trial court.

The judgment is affirmed.