**MARINE LEASING SERVICES, INC.,**
**Plaintiff,**
**v.**
**S. & W. BARGE LINES, INC., Defendant.**
**No. GC6718.**

United States District Court
N. D. Mississippi,
Greenville Division.
Sept. 7, 1967.

---

6. Id. at 3.

7. 1962, 309 F.2d 569.

8. Hickman v. Taylor, 1947, 329 U.S. 495, 501, 67 S.Ct. 385, 389.

**660**

R. V. Kimble, Jr., of Harty & Kimble, Greenville, Miss., for defendant.

John Paul Jones, Memphis, Tenn., for plaintiff.

## MEMORANDUM OPINION

CLAYTON, Chief Judge.

This is a suit in admiralty in which the plaintiff seeks to recover money damages. The complaint alleges that in 1964 the plaintiff and defendant entered into a written bareboat charter party agreement and a towing agreement for the period ending November 30, 1964. It is alleged that these two agreements, simultaneously entered into, were performed during 1964.

The complaint further alleges that subsequent to the 1964 agreements the parties either extended for 1965–1966 the 1964 agreement or entered into another bareboat charter party agreement and towing agreement. These latter agreements are alleged to be partially oral and partially written.

The effective agreement for 1965 and 1966 (either the 1964 agreement extended or the partially oral and written agreement executed subsequent thereto) is alleged to have been performed, and drafts thereof are alleged to have been exchanged by the parties.

Plaintiff relies on both of the aforementioned agreements and the oral representations relative thereto [1] as the basis for this action and seeks to recover from the defendant for its alleged failure to perform as agreed.

It is alleged that the defendant agreed to but did not: pay rentals, pay for maritime insurance coverage, adequately maintain the rented vessel, compensate the plaintiff for inventory differences existing at the termination of the rental agreement, redeliver the rented vessel in the same condition as when rented and replace certain equipment aboard the rented vessel.

To this complaint, the defendant has filed a motion to make pleadings more definite and certain which has been submitted on briefs and is now for disposition. Defendant essentially seeks to learn the contractual basis for the claims asserted by plaintiff.

Under Rule 12(e), Federal Rules of Civil Procedure, if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement. But, all that is required of a complaint under the federal rules is a statement in plain and simple terms of the claims for which relief is sought. Rule 8, Federal Rules of Civil Procedure. There are ample provisions under the rules for discovery

---

1. The complaint concedes that no formal written agreement was entered into for 1965 and 1966.

(Rules 26 through 37, Federal Rules of Civil Procedure) and pre-trial procedure (Rule 16, Federal Rules of Civil Procedure). Hence, motions for more definite statement under Rule 12(e) are not generally favored. 1A Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1960) § 362, p. 434.

Motions for more definite statements are not substitutes for discovery, Id. at p. 423, and they should be overruled where the information sought or the objections raised can be cured or obtained through other procedures. See, e. g., 35A C.J.S. Federal Civil Procedure § 376, p. 565. The objections raised in the present motion can be cured by resort to other procedures, and the complaint in this cause meets the pleading requirements under the federal rules well enough to withstand the present motion. The motion will be overruled by an order which will be entered.