FARM BUREAU INSURANCE COMPANY *v.*
RANDALL CLINTON, ET AL.

[No. 870A142. Filed May 27, 1971.]

*Frank J. Pekofski,* of Gary, for appellant.

*Dale S. Ellis,* of DeMotte, *Michael S. Kanne, Nesbitt & Fisher,* of Rensselaer, for appellees.

LOWDERMILK, J.—The issue presented in this appeal is whether the plaintiff-appellant has sufficiently stated a claim for relief under Trial Rule 8(A) so as to withstand a motion to dismiss under Trial Rule 12(B)(6). Indiana courts have not yet passed on a question such as this, as said rules did

not come into effect until January 1, 1970, when our new Indiana Rules of Procedure were adopted.

The facts of the case are relatively simple. On December 24, 1967, Timothy G. Glasgow, a minor son of the insured, William E. Glasgow, Jr., was struck and killed by an automobile owned by Dorsey Clinton and Joseph Clinton, which was being driven by their son, Randall Clinton, at the time of the accident. None of the Clinton family possessed liability insurance and the decedent's father, William E. Glasgow, Jr., made a claim under his uninsured motorist clause with the appellant, Farm Bureau Insurance Company. Farm Bureau paid Mr. Glasgow $7,800 and was subrogated to the rights of William E. Glasgow, Jr. as against the appellees.

The appellant then filed this suit and served summons and a copy of the complaint on appellees. The appellees filed a motion to dismiss under Trial Rule 12(B)(6), which was sustained for the reason that the complaint did not sufficiently state a claim for relief. The complaint, as amended by interlineation, reads as follows:

"Plaintiff complains of defendants and for cause of action alleges and says:

"1. That on the 24th day of December, 1967, the plaintiff was an Indiana insurance company engaged in the business of selling various types of liability insurance and that on said date, the plaintiff had in full force and effect a policy of insurance under the terms of which the plaintiff insured one William E. Glasgow, Jr., against loss due to damage as a result of an automobile accident caused by an uninsured motorist; that said policy provided that the plaintiff would pay all sums which the insured would be legally entitled to recover as damages from the owner operator of an uninsured automobile because of bodily injury.

"2. That on said date, Timothy G. Glasgow, a relative of William E. Glasgow, Jr., was walking along Highway Route 55 in the City of Shelby, County of Lake, State of Indiana.

"3. That at said time and place the defendant, Randall Clinton, was operating a motor vehicle in a northerly direction on said highway for and on behalf of himself and as

agent of the defendants, Dorsey Clinton and Joseph Clinton, the owners of said automobile.

"4. That at said time and place the defendant, Randall Clinton, carelessly and negligently caused his automobile to run into and against the said Timothy G. Glasgow, thereby causing the death of the said Timothy G. Glasgow.

"5. That by virtue of the above described insurance policy the plaintiff was required to expend the sum of $7800.00 and has become subrogated to the rights of William E. Glasgow, Jr. and Timothy G. Glasgow in that amount.

"6. That as a direct and proximate result of the careless and negligent acts of the defendants plaintiff has been damaged in the sum of $7800.00.

"WHEREFORE, plaintiff demands judgment in the sum of $7800.00, costs, and all other proper relief."

The defendants-appellees contend that the plaintiff's complaint appeared to be a subrogation action based upon payment of a wrongful death claim and as a result, the complaint must state facts sufficient to substantiate a cause of action for wrongful death. The appellees also contend that the complaint does not adequately inform them as to the relationship between William E. Glasgow, Jr. and Timothy G. Glasgow, the decedent. The appellees urge that the substitution of the term "father" or "personal representative" for the term "relative" would have properly informed the defendants as to the basis of the plaintiff's claim for relief.

These contentions are contrary to the spirit and intent of notice pleading which we adopted upon the enactment of our new Indiana Rules of Procedure. Under notice pleading all that is required in a complaint is a clear and concise statement that will put the defendants on "notice" as to what has taken place and the theory that the plaintiffs plan to pursue in their attempt for recovery. This is all that is required to constitute a valid complaint that will defeat a motion to dismiss under Trial Rule 12(B)(6), and any additional facts or information that may be desired by the defending party may be revealed either during discovery or in the pre-trial conference itself.

The purpose of this liberalization is to avoid the denial of a trial to an alleged injured party due to technicalities or human error in the drafting of a complaint. It is this court's opinion that the only feasible way of accomplishing this goal is to adhere to the intent of the new rules by requiring only notice to the defendants in a clear and concise statement that the plaintiffs have a claim for relief.

Pursuant to this notification, the attorneys for both parties will have *ample* opportunity in discovery and pre-trial conference to learn of any and all facts necessary to fully represent the interests of their clients and at the same time avoid the denial of plaintiff's day in court due to a faulty pleading of a complaint based upon a technical error. Thus, the elements required to state a "cause of action" are no longer required and the plaintiff is heavily favored so far as getting into court.

As was said in *Tahir Erk* v. *Glenn L. Martin Co.*, 4th Cir., (1941), 116 F. 2d 865:

> "Our duty . . . is to consider whether in the light most favorable to the plaintiff, with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim."

Our Trial Rule 12(B)(6) is now identical to the Federal Trial Rule 12(B)(6), and there is no Indiana authority or cases in construing this particular rule; we, therefore, deem federal decisions very helpful in construing our rules of procedure and in determining what is required for a complaint to defeat a 12(B)(6) motion to dismiss.

In the case of *Thurston* v. *Setab Computer Institute* (1969), 48 F.R.D. 134, the Southern District Court of New York held that:

> "A complaint attacked by motion to dismiss under Fed. R.Civ.P. 12 is entitled to liberality of construction. Bound Brook Water Co. v. Jaffe. 284 F. Supp. 702, 708-709 (D. N.J. 1968). There is no requirement under the Federal Rules that the complaint either state a cause of action,

Michael v. Clark Equip. Co., 380 F. 2d 351, 352 (2d Cir. 1967), or allege the detailed facts which support the claims raised therein. Austin v. House of Vision, Inc., 385 F. 2d 171, 172 (7th Cir. 1967). All that is required of a complaint is that it state a claim upon which relief can be granted. Michael v. Clark Equip. Co., *supra.*

"Albeit this liberal construction given pleadings in the federal courts, the Rules do contemplate some factual statement in support of the claim. Huey v. Barloga, 277 F. Supp. 864, 871-872 (N.D. Ill. 1967). A brief, plain statement sufficient to notify the defendant of the theory of plaintiff's claim and the grounds which support it, adequate to evoke an intelligent responsive pleading, will suffice. Austin v. House of Vision, *supra;* Leas v. General Motors Corp., 278 F. Supp. 661, 663 (E.D. Wis. 1968) ; Bound Brook Water Co. v. Jaffe, *supra;* Marine Leasing Serv., Inc. v. S. & W. Barge Lines, Inc., 42 F.R.D. 659, 660 (N.D. Miss. 1967).

Also, in the case of *Blackman* v. *Snelgrove* (1955), 280 P. 2d 453, under similar pleading requirements, the court held:

" '. . . Thus, it can very often be found stated in these cases that a complaint is required only to * * * *give the opposing party fair notice* of the nature and basis or grounds of the claim and a general indication of the type of litigation involved.' *It may also frequently be found stated in these cases that a complaint does not fail to state a claim unless '* * * it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.'* " (Our emphasis.)

The Federal Courts have justified this liberal interpretation as to what should be involved in a complaint for several reasons other than what we have set out earlier in this opinion. They hold that because a defendant has so many opportunities to dispense with an unfounded claim that the complaint should never be dismissed for insufficiency unless the plaintiff is entitled to no relief under any state of facts which could be proven in support of the claim. This reasoning is best stated in *Leimer* v. *State Mutual Assur. Co.*, 108 F. 2d 302 (8th Cir., 1940) :

"In view of the means which the Rules of Civil Procedure afford a defendant to obtain a speedy disposition of a claim

which is without foundation or substance, by either securing a more definite statement or a bill of particulars under Rule 12(e) and thereafter applying for judgment on the pleadings under Rule 12(h)(1),[1] or by moving for a summary judgment under Rule 56, we think *there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim."* (Our emphasis.)

This holding is certainly applicable to Indiana trials for the reason that our defendants have the same opportunities under our new rules to dispense with an unfounded claim as do defendants in Federal Courts. This fact is recognized in *2A Moore,* wherein it is said:

> " 'Under the old practice, the pleadings not only served the function of giving notice of the claim asserted, but they also created the burden of formulating the issues and to a large extent of advising the adverse party of the facts involved. Now the deposition and discovery procedure are Rules 26-37 and the pretrial conference under Rule 16 affords a much more effective method of getting at the facts than pleadings ever offered, and they also bear much of the burden of making up the issues, so that the only real office that the pleadings continue to serve is that of giving notice.' *2A Moore, Federal Practice* § 8.13, at 1703-4 (2d ed. 1969)."

This court, as do the Federal Courts, does not mean to imply that "just anything" can constitute a valid complaint which will defeat a 12(B)(6) motion to dismiss. We find ourselves in agreement with the case of *Kisella* v. *Dunn,* 275 P. 2d 181, where it is said:

> " 'The pleading still must state a "cause of action" in the sense that it must show "that the pleader is entitled to relief" '; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining of, and can see that there is some legal basis for recovery.' 2 Moore's Federal Practice (2d ed. 1948), paragraph 8.13, p. 1653."

1.  Federal Rule 12(h)(1) is Indiana's Trial Rule 12(H)(2).

With the above in mind we will now turn to the case at bar to determine whether it should have been dismissed for failure to state a claim for relief. It is readily apparent from the face of the complaint, and in the light most favorable to the plaintiff-appellant:

1. That the plaintiff is an insurance company and that it brings this subrogation action as a result of a loss paid under the terms of a policy of insurance which it issued to one William E. Glasgow, Jr.;

2. That by the terms of that policy the plaintiff agreed to pay all sums which its assured would legally be entitled to collect from an uninsured motorist because of bodily injury;

3. That on December 24, 1967, a relative of the assured was struck down and killed, while walking along Route 55 in Lake County, Indiana, by an automobile owned by two of the defendants and driven by the third defendant; and

4. That by virtue of the legal effects of its insurance policy, the plaintiff was required to pay its assured Seven Thousand Eight Hundred ($7,800.00) Dollars and it is subrogated to his rights to the extent of that payment.

Whether or not this complaint states a "cause of action" for a wrongful death recovery is not in issue because the "cause of action" criteria is no longer in existence. On the other hand, this complaint most certainly states a claim for relief and the defendant was put on "notice" as to sufficient facts and theory alleged by the plaintiff. Such information as to what the relationship was between the two Glasgows can be readily learned in discovery or pre-trial conference.[2]

The appellees lastly take exception to the fact that there is not a certified copy of appellant's motion to correct errors in the record. They cite us to the case of *Thonert* v. *Daenell*

2. The new rules are not an authorization for careless pleading. In this case the pleader could have alleged Timothy G. Glasgow was the son of the assured just as easily as it alleged he was a relative and this would have eliminated one of the questions raised by defendants-appellees.

(1970), 148 Ind. App. 70, 263 N. E. 2d 749, where this court stated that appellant's failure to comply with the provisions of Appellate Rule 7.2 that requires the transcript to contain a separately certified motion to correct errors, would render it so defective as to present no question for review.

The appellees are correct in that the appellant does not have a separately certified motion to correct errors in the transcript and also that the *Thonert* case says exactly what the appellees say it does. The motion to correct errors was in the transcript and included in the one certification of the Clerk. However, the *Thonert* case is erroneous and has recently been overruled in the case of *State Board of Tax Commissioners* v. *Associated Auto & Truck Rental, Inc.* (1971), 148 Ind. App. 611, 268 N. E. 2d 626; 25 Ind. Dec. 333. This court, speaking through Judge Sharp, confesses and corrects the error we made in the *Thonert* case, which appellees use as their authority, when he says:

"This court has made an unfortunate mistake in its interpretation of Rule A.P. 7.2(A)(1)(a) in the case of *Thonert* v. *Daenell,* 148 Ind. App. 70, 263 N. E. 2d 749 (1970).

"Rule A.P. 7.2(A)(1)(a) reads as follows:

" 'In all appeals from a final judgment, a certified copy of the motion to correct errors filed with the trial court shall constitute for all purposes the assignment of errors. No assignment of error other than the motion to correct errors shall be included in the record.'

"In regard to this rule this court stated in *Thonert* at 263 N. E. 2d at page 750:

" 'We further note that the transcript fails to comply with the provisions of Appellate Rule 7.2 in that the motion to correct errors is not separately certified, and it does not appear at the beginning of the transcript. While we do not read Appellate Rule 7.2(a)(2) to require each paper filed in the trial court to be separately certified, *we do read Appellate Rule 7.2(a)(1) and (A)(1)(a) to require that the motion to correct errors must be separately certified.* The balance of the record may be certified by one certificate of the clerk at the end

of the record, as was done under our former practice. While the language of the rule is not clear as to its requirements, we believe this interpretation is reasonable and workable.' (Emphasis added) 263 N. E. 2d 750.

"We, thus, judicially added the word 'separately' as a requirement to the above rule so as to in effect make it read as follows:

" '. . . [separately] certified copy of the Motion to Correct Errors filed with the trial court shall constitute for all purposes the Assignment of Errors. . . .'

"No good reason is stated in our *Thonert* opinion for requiring this additional and burdensome technical certification. If, as we said in *Thonert*, A.P. 7.2(A) (1) (a) is not clear, then we would not interpret such rule to require an added, unneeded and unwarranted technical burden. (We must emphasize that we are not here overruling the *Thonert* case as to its result. There are *several* other reasons stated in it to justify its result and it is not our intention here to disturb those *other* reasons. Our decision to overrule *Thonert* is strictly limited to the quoted passage from it.)

"We should candidly face up to our mistake in *Thonert* and expressly overrule it in regard to the additional 'separate' certification as reflected in the above quoted passage. As we understand it, *Thonert* adds a requirement that did not exist under the previous rules of practice in effect in Indiana before January 1, 1970. Certainly, it ought to be clear that the intent of the new rules of Civil Procedure in Indiana was to reduce such technical burdens and not to increase them.

"We, therefore, overrule the appellee's Motion to Dismiss here and with it that quoted portion of the *Thonert* case."

Since the *Thonert* case was erroneous from the outset, appellees' use of it as their authority is of no merit and appellant cannot be said to have presented no question for appeal because it failed to file a separately certified copy of its motion to correct errors.

We are of the opinion that the appellant's complaint presented a claim for relief. Therefore, this cause is hereby reversed and remanded to the trial court for proceedings not inconsistent with this opinion.

Sullivan, P.J., concurs; Buchanan and Robertson, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 780.