JOSEPH CLARK MCCARTHY *v.* ADELE MARIANNE MCCARTHY.

[No. 571A97. Filed December 31, 1971.]

*John D. Clouse,* of Evansville, for appellant.

*Edward B. Wallis, Bamberger, Foreman, Oswald and Hahn,* of counsel, of Evansville, for appellee.

SULLIVAN, P. J. —This is an appeal from the Vanderburgh Superior Court. The original action was brought by plaintiff-appellee to enforce alimony payments arising out of a foreign divorce decree and to enforce provisions of a settlement agreement.

Plaintiff-appellee and defendant-appellant were residents of Torrington, Connecticut, appellant having been engaged in the practice of medicine in that state. On July 10, 1969, appellee was granted a divorce from her husband, appellant herein, by the Superior Court for Litchfield County, Connecticut. Pursuant to the divorce decree, appellant was ordered to pay as alimony the sum of $165 per week plus child support. It was further adjudged by that court that if appellant's taxable income should exceed $20,000 in any year, he should pay 25 per cent of the excess to appellee as additional alimony. Following the divorce, appellant moved to Indiana.

On August 6, 1970, appellee filed suit against appellant in the Vanderburgh Superior Court. In her complaint she alleged, among other things, that under the provisions of the Connecticut decree, appellant was in arrears on his alimony payments in the amount of $1,320, including $165 due each week since June 15, 1970. Appellee further alleged that even though notice of default and demand for payment had been made, appellant failed to pay. She alleged in addition that appellant and appellee entered into a binding settlement agreement on May 16, 1969, which appellant has violated by refusing to supply appellee with a copy of his 1969 income tax returns.

Thereafter, appellee moved for summary judgment pursuant to Trial Rule 56 on the grounds that the pleadings and her accompanying affidavit showed there was no genuine issue

of material fact to be litigated. In opposition thereto, appellant's affidavit stated he had at all times conformed to the provisions of the divorce decree and settlement agreement until appellee denied him visitation rights with his children the latter having been guaranteed to appellant by the terms of said agreement. Appellant stipulated further that only after such breach by appellee did he cease to make alimony payments; but that he did continue to pay child support. Appellant also stated that because Indiana law does not provide for alimony, that provision of the Connecticut decree is not enforceable in Indiana, nor is it entitled to full faith and credit because it is repugnant to the public policy of this state.

In appellant's supplemental affidavit opposing the motion for summary judgment, he alleged that prior to the execution of the settlement agreement he had obligated himself to discontinue the practice of medicine in Connecticut and move to Indiana to resume the practice. In this regard, appellant stated that he was threatened by appellee's representative in that if he refused to sign the settlement agreement, he would be enjoined from leaving the State of Connecticut. Appellant argued, therefore, that said agreement was entered into as a result of duress and thus cannot be given effect by this state.

Subsequently, appellant filed a motion to dismiss pursuant to Trial Rule 12(B), alleging that the trial court lacked jurisdiction over both the subject matter of the litigation and the person of appellant, and that appellee's complaint failed to state a claim upon which relief could be granted.

On January 11, 1971, appellant's motion to dismiss was denied and summary judgment was entered for appellee. The trial court held that the Connecticut divorce decree was entitled to full faith and credit, and that the Superior Court for Litchfield County, Connecticut, had jurisdiction over the appellant. It was then ordered that appellee recover $4,950

in delinquent alimony of $165 per week since June 15, 1970, plus future child support and maintenance.

Appellant's motion to correct error having been timely filed, he brings this appeal and raises the following questions:

(1) Did the trial court err in overruling appellant's motion to dismiss? This depends upon whether the Vanderburgh Superior Court had jurisdiction over the subject matter and the person of appellant and whether appellant's complaint sufficiently stated a complaint upon which relief can be granted.

(2) Did the court err in granting appellee's motion for summary judgment? In other words, was there any material issue of fact to litigate?

(3) Did the trial court lose jurisdiction of the cause by failing to rule upon the motion to dismiss and the motion for summary judgment within thirty days after argument thereon?

Appellant contends under the initial question posed that: First, the Vanderburgh Superior Court was an unconstitutional and illegal court and thus lacked proper jurisdiction. Secondly, to force appellant to pay alimony would be to subject him to unconstitutional, involuntary servitude.

## TO ATTACK THE CONSTITUTIONALITY OF A STATUTE, ONE MUST FIRST SHOW THAT HIS RIGHTS HAVE BEEN ADVERSELY AFFECTED

In essence, appellant asserts that although the legislature of this state has the power and right to create new courts, it does not have the power or right to remove a judge from an abolished court before expiration of his term and place that judge in a newly created court, as in the instant case. Prior to the filing of this cause, the 1969 session of the Indiana General Assembly abolished the Superior Court of Vander-

burgh County and removed the Honorable Benjamin E. Buente, the presiding trial judge herein, to the newly established Vanderburgh Superior Court. IC 1971, 33-5-43-30, 31, being Ind. Ann. Stat. §§ 4-2990 and 4-2991 (Burns 1968).

It is acknowledged by both parties that the General Assembly has the constitutional authority to abolish old courts and create new ones. Appellant only challenges the authority of the General Assembly to appoint a judge of an abolished court as ex-officio judge of a newly created court. Consideration of this question renders unavailing and unproductive an analysis of the prolific number of constitutional issues raised by appellant because appellant lacks standing to challenge the constitutionality of that court. It is well settled that one cannot attack the constitutionality of a statute unless his rights are adversely affected. *State ex rel. Haberkorn* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N. E. 2d 62; *State* v. *Clark* (1966), 247 Ind. 490, 217 N. E. 2d 588. In the case before us, appellant's rights as a litigant were *not* affected adversely by IC 1971, 33-5-43-31, *supra*. That act simply consolidated three courts into one, the newly created court having jurisdiction in the type of cause as here, coterminous with its obsolete predecessor, the Superior Court of Vanderburgh County. Furthermore, the judge was the same Benjamin E. Buente who in this type of action had no greater or no less jurisdiction than he would have had prior to the consolidation. It requires no particular insight to conclude that appellant was not adversely affected by the statute in issue. Thus he is precluded from attacking the constitutionality thereof on this appeal.

## APPELLANT'S ASSERTION OF UNCONSTITUTIONALITY OF ALIMONY PROVISIONS IN A FOREIGN DECREE PRESENTS NO QUESTION FOR DETERMINATION BY THIS COURT

Appellant suggests that to force him to pay alimony is to subject him to involuntary servitude. Appellant argues with

great zeal that the so-called Women's Liberation movement has led to many changes in law, bringing into focus the proposition of complete civil equality for women. Appellant urges that a natural adjunct of such progression is the abolition of alimony. Although Indiana law does not provide for installment alimony, it is nevertheless proper under full faith and credit for this court to enforce an installment alimony decree obtained in another state. If such were not the law of this state, Indiana would become a virtual sanctuary for ex-husbands attempting to avoid the effect of a foreign decree's alimony provisions. *Rogers* v. *Rogers* (1909), 46 Ind. App. 506, 89 N. E. 901. We hold then, in keeping with what we consider to be sound public policy, that appellee is entitled to have the installment alimony provision of the Connecticut decree enforced in Indiana under the "full faith and credit" clause of Article 4, § 1, of the U. S. Constitution. To further entertain the manifold questions raised by appellant with regard to the constitutional validity of installment alimony would do no more than to clutter this opinion with subject matter for midnight kitchen discussion.

## COMPLAINT NEED NOT STATE A DETAILED CAUSE OF ACTION UNDER NOTICE PLEADING NOW EXTANT IN INDIANA

Appellant finally contends under his motion to dismiss that appellee failed to state a claim upon which relief can be granted. He argues specifically that appellee's complaint does not allege performance by appellee of all the conditions required by the settlement agreement to be performed by her. We cannot agree with appellant that performance by appellee need be alleged. Our adoption of notice pleading under Indiana Rules of Trial Procedure contemplates that a complaint need not state a detailed cause of action alleging such specific facts as performance of all the myriad terms and conditions of a settlement agreement. The framers of the new rules went to great pains to circum-

scribe this practice of paper inundation and have adopted a compact and uncomplicated form of pleading which requires a plaintiff merely to make a clear and concise statement in order to put the defendant on notice that plaintiff has a justiciable claim and is entitled to relief under some legal theory. Trial Rule 8(A); *Farm Bureau Insurance Co.* v. *Clinton* (1971), 149 Ind. App. 36, 269 N. E. 2d 780, 782. No more is required to withstand a motion to dismiss under Trial Rule 12(B)(6). In the *Farm Bureau* case, *supra,* this court in a unanimous decision voiced its approval of the precepts of "notice" pleading stated above:

> "The purpose of this liberalization is to avoid the denial of a trial to an alleged injured party due to technicalities or human error in the drafting of a complaint. It is this court's opinion that the only feasible way of accomplishing this goal is *to adhere to the intent of the new rules by requiring only notice to the defendants in a clear and concise statement that the plaintiffs have a claim for relief.* (Emphasis supplied)

> "Pursuant to this notification, the attorneys for both parties will have *ample* opportunity in discovery and pre-trial conference to learn of any and all facts necessary to fully represent the interests of their clients and at the same time avoid the denial of plaintiff's day in court due to a faulty pleading of a complaint based upon a technical error. Thus, the elements required to state a 'cause of action' are no longer required and the plaintiff is heavily favored so far as getting into court." 269 N. E. 2d at 782-783.

We hold, therefore, that appellee was not required to set out in her complaint that she had performed the conditions of the settlement agreement. The existence or nonexistence of this fact was properly left for appellant to ascertain pursuant to discovery or by pretrial conference.

## *SUMMARY JUDGMENT WAS PROPERLY ENTERED*

Under his second major specification of error, appellant argues that genuine issues of material fact existed in this

cause, and that therefore, summary judgment in favor of appellee should not have been granted. In support thereof, appellant states that he executed the settlement agreement under duress, and that since that agreemnt was the basis for the Connecticut decree, the Connecticut court lacked proper jurisdiction, i.e., that a material issue of fact has been raised whether "full faith and credit" should have been given to the foreign decree since the same was procured by duress. We have no conceptual difficulty with the rationale of appellant's claim inasmuch as the judgment of a foreign court is always open to collateral attack as to the court's jurisdiction. *Berry-Enright Lumber Co.* v. *Gardner* (1937), 104 Ind. App. 9, 7 N. E. 2d 523. A presumption exists, however, that such court had jurisdiction and, accordingly, the rendered judgment or decree is prima facie valid. *Irons* v. *Irons* (1962), 242 Ind. 504, 526, 180 N. E. 2d 105; *Mansfield* v. *Hinckle* (1923), 81 Ind. App. 6, 139 N. E. 700. More to the point, we are compelled to agree with appellee that the Connecticut court acquired jurisdiction over the person of appellant by the latter's appearance in that court coupled with his residency in Connecticut at the time of trial. Indeed, such facts not only redound to appellant's detriment, but necessarily render moot the challenge to the jurisdiction of the Connecticut court. We cannot deny "full faith and credit" to the Connecticut decree based on appellant's contention that the settlement agreement was obtained by duress, thereby poisoning the decree which incorporated it. Such denial would be proper only if the Connecticut court had lacked jurisdiction and the alleged "duress" was the sole means of acquiring it. *State, ex rel. Adam* v. *Martin* (1926), 198 Ind. 516, 154 N. E. 284. *Hegarty* v. *Curtis* (1950), 121 Ind. App. 74, 95 N. E. 2d 706. Moreover, the Indiana case law cited above speaks to fraud or duress in the procurement of the jurisdiction itself. It does not contemplate jurisdictional attacks for alleged fraud or duress in the inducement of collateral acts

having no connection with a court's power to hear the case before it.

In the alternative, appellant asserts that since the complaint purported to claim relief, not only by virtue of the decree but as well by virtue of the settlement agreement, material issues of fact were presented as to whether or not said agreement was procured by duress, whether the alimony provisions contained therein are enforceable in Indiana, and whether the agreement is entitled to "full faith and credit" in this state.

In accordance with the expressly stated intent of the parties herein, the settlement agreement did not "merge" into the Connecticut decree, but was "incorporated" in the same. Appellant construes this provision of the settlement agreement to mean that absent a merger of the decree and the settlement agreement, the latter is a proper subject for an independent cause of action in Indiana based upon contract. This is a proper statement of the law in Indiana. *Carson* v. *Carson* (1950), 120 Ind. App. 1, 89 N. E. 2d 555. Conceding *arguendo* that we might reverse on this point, the blatant conflict in appellant's arguments leads to the inescapable conclusion that appellant would not benefit if we were to grant a new trial.

If at this stage of the litigation, we were to hold in favor of Dr. McCarthy upon his contention that his execution of the settlement agreement was induced by duress, he would necessarily lose his case upon retrial. This is so because if appellant were to prevail in this appeal, *a priori* he precludes himself from successfully asserting in a new trial a defense based upon a breach of the very agreement which he has already established as void, i.e., appellant claims justification for failing to comply with the alimony provisions of the Connecticut decree because appellee denied visitation rights guaranteed him by the settlement agreement. The law cannot in conscience allow a party to successfully assert the invalidity of a contract ostensibly for the sole purpose of effecting a remand of the cause for new trial at

which he must necessarily allege and prove the enforceability of that very contract.

It is the province of this court to dispose of cases whenever possible by granting appropriate relief. AP. 15(M). In keeping with the spirit of this rule, it is likewise the province of this court to deny inappropriate relief if the particular circumstances warrant. To hold otherwise would permit the sideshow to consume the circus.

Accordingly, we reject appellant's contention as to this issue.

## TRIAL COURT DID NOT LOSE JURISDICTION IN CAUSE BY FAILING TO RULE ON PENDING MOTIONS WITHIN TIME REQUIRED BY TRIAL RULE 53.2(A)

Under appellant's third major specification, he argues that the Vanderburgh Superior Court lost jurisdiction of this cause by not ruling upon appellant's motion to dismiss and appellee's motion for summary judgment within the time prescribed by Trial Rule 53.2(A). The Rule reads as follows:

### "FAILURE TO RULE UPON MOTION

"(A) Effect of court's delay in ruling upon motion. The Court shall hear motions without delay when hearing is required or granted, and shall rule upon a motion promptly after hearing thereof, or after filed when no hearing is required or granted. Upon failure of a court to enter a ruling upon a motion within thirty [30] days after it was heard or thirty [30] days after it was filed if no hearing was required, the case shall be transferred to a judge to be appointed by the Supreme Court, except that this provision shall not apply where:

(1) good cause is shown to or by the court;

(2) the court within thirty [30] days after the motion is filed orders that it be disposed of at the trial upon the merits; or

(3) the parties who have appeared or their counsel by stipulation or agreement entered of record agree otherwise.

> *Notice of the court's failure to make a ruling shall be made to the Supreme Court and the trial court by the clerk of the court where the case is filed.* (Emphasis supplied)

It is clear, upon the face of the Rule, that the *clerk* of the trial court is the person charged with the responsibility of giving notice to the Supreme Court and to the trial court of the judge's failure to enter a ruling. In the instant case, notice by the clerk was never given, and we agree with appellee that such notice is prerequisite to the loss of jurisdiction in the cause by the trial judge.

The purpose of Trial Rule 53.2(A) is to expedite pending litigation. To adopt appellant's position here would be to thwart the spirit as well as the letter of the Rule by further delaying the time for ruling.

We hold, therefore, that the trial court did not lose jurisdiction in this cause by its failure to rule upon the motion to dismiss and the motion for summary judgment within the time prescribed by Trial Rule 53.2(A).

The decision of the Vanderburgh Superior Court is hereby affirmed.

Buchanan, Lowdermilk and Robertson, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 891.