**COUNTY OF VENTURA, STATE OF CALIFORNIA, Petitioner-Appellant,**

v.

**Donnie Lue NEICE, a/k/a Tony Mirano, Respondent-Appellee.**

**No. 1–681A200.**

Court of Appeals of Indiana, First District.

May 3, 1982.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for petitioner-appellant.

Eric N. Allen, Kevin P. McGoff, Free, Brand, Tosick & Allen, Greenfield, for respondent-appellee.

NEAL, Judge.

Petitioner-appellant County of Ventura, State of California (Ventura County) appeals the Hancock Circuit Court's dismissal of a suit under the Uniform Reciprocal Enforcement of Support Act to enforce a California support order against respondent-appellee Donnie Lue Neice a/k/a Tony Mirano (Neice), an Indiana resident.

We reverse.

## STATEMENT OF THE FACTS

Donnie Neice, Jr. (Donnie) filed a paternity action against Neice in a Superior Court of California, County of Ventura, and Neice does not dispute that he was properly served with summons. However Neice made no appearance in the California proceedings, and on December 7, 19.9 the court entered a default judgment against him and ordered him to pay $140 monthly child support. The judgment stated that the support order could be modified for change of circumstances. Payments were to begin on January 1, 1980. On July 17, 1980, after Neice failed to make payment, Ventura County filed a petition for reimbursement and support under California's version of the Uniform Reciprocal Enforcement of Support Act (URESA), Calif.Code Civ.Proc. § 1650 *et seq.* (See Ind.Code 31–2–1–1 *et seq.* for Indiana's version of URESA.) Ventura County sought reimbursement of $700 it spent for the support of Donnie between January 1, 1980 and May 31, 1980, and the enforcement of Neice's continuing support obligation. On September 11, 1980 the Hancock County prosecutor's office petitioned the Hancock Circuit Court for enforcement of the California support order. Neice appeared and filed a motion to dismiss under Ind. Rules of Procedure, Trial Rules 12(B)(2) and 12(B)(6) with an accompanying memorandum and affidavit. Neice's affidavit was the only evidence before the trial court, and in it Neice gave the following account of the events surrounding Donnie's birth. At various times during the mid 1960's Neice resided alternately in Indiana and California. While in California Neice met Diana L. Paulin (Paulin), Donnie's mother, who at that time was known as Diana Lynn Hoover. While he was in California, Neice had sexual intercourse with Paulin. In 1965, after residing in Indiana for the preceding six months, Neice returned to California. Paulin then informed him that she was in the early stages of pregnancy. At that time Paulin was living with another man. Paulin gave birth to Donnie on February 6, 1966. Neice believes one of the other men Paulin lived with was Donnie's father. Neice claimed it was impossible for him to have fathered Paulin's child, stating that they had not had intercourse for two years prior to Donnie's birth. Neice also denied that he had ever admitted paternity or supported Donnie. Neice claimed there is no physical resemblance between Donnie and himself. Neice stated he had not seen or spoken with Paulin since 1969.

Initially the court denied Neice's motion to dismiss, but following a motion to reconsider and oral arguments, the motion to dismiss was granted. The court made no findings of fact, and the parties requested none.

## ISSUE

We have condensed the issues raised by Ventura County into the following:

Whether full faith and credit, the Uniform Reciprocal Enforcement of Support Act, and comity require the enforcement of a California default judgment of paternity which includes a modifiable award of child support.

## DISCUSSION AND DECISION

■ This case is controlled by principles of full faith and credit, comity, personal jurisdiction, and URESA. Article 4 § 1 of the United States Constitution provides:

"[F]ull faith and credit should be given in each state to the public acts, records, and judicial proceedings of every other state...."

This requirement applies to all final judgments. Those portions of a judgment which are not final fall within the doctrine of comity and may be enforced to the same extent as in their state of origin.

■ Comity, unlike full faith and credit, is not a constitutional requirement but a rule of convenience and courtesy. "Comity represents a willingness to grant a privilege, not as a matter of right, but out of deference and good will. Its primary value is to promote uniformity of decision by discouraging repeated litigation of the same question." *State of Florida ex rel. O'Malley v. Department of Insurance of the State of Indiana*, (1973) 155 Ind.App. 168, 176–177, 291 N.E.2d 907. However, Indiana and California both have adopted versions of the Uniform Reciprocal Enforcement of Support Act (URESA). Ind.Code 31–2–1–1

*et seq.*; Calif.Code Civ.Proc. § 1650 *et seq.* Hence, both states have strong policies favoring the enforcement of support obligations when the state imposing them has jurisdiction. Under URESA a foreign support order, once confirmed by an Indiana court, is enforced as if entered in this state. Ind.Code 31–2–1–37. Nevertheless, all foreign judgments are open to collateral attack for lack of jurisdiction. *Taylor v. Landsman*, (1981) Ind.App., 422 N.E.2d 403; *Podgorny v. Great Central Insurance Company*, (1974) 160 Ind.App. 244, 311 N.E.2d 640; *McCarthy v. McCarthy*, (1971) 150 Ind. App. 640, 276 N.E.2d 891; *See* Ind.Code 31–2–1–36. In the instant case Neice's attack of the California court's jurisdiction fails, and the California judgment must be enforced.

■ Neice's motion to dismiss under Trial Rules 12(B)(2) and (6) was accompanied by an affidavit and a memorandum of law. Hence, the trial court was required to treat it as a motion for summary judgment under Ind.Rules of Procedure, Trial Rule 56. T.R. 12(B)(8). T.R. 56(C) provides in part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law .... The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts.[1] Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the affidavits and testimony offered upon the matters placed in issue by the pleadings or such evidence."

On review this court must determine whether there was any genuine issue of

---

1. In the case at bar, the trial court failed to designate the issue(s) on which it found no genuine issue of material fact as required by the rule. This failure is not fatal to the judgment, *Anhert v. Wildman*, (1978) Ind.App., 376

N.E.2d 1182, and was not raised by the parties. However, designation of the issues of fact and law on which the judgment rests facilitates review and should be done whenever summary judgment is granted.

material fact and whether the law was correctly applied. *State v. Wayne Township Marion County,* (1981) Ind.App., 418 N.E.2d 234; *Campbell v. Eli Lilly and Company,* (1980) Ind.App., 413 N.E.2d 1054. Summary judgment cannot and should not be used as an abbreviated trial; even when the facts are not disputed, if they give rise to conflicting inferences which may alter the result, summary judgment is inappropriate. *Carrell v. Ellingwood,* (1981) Ind.App., 423 N.E.2d 630; *Letson v. Lowmaster,* (1976) 168 Ind.App. 159, 341 N.E.2d 785. In ruling on a summary judgment motion the court accepts the facts set forth by the nonmoving party as true, and all doubts are resolved in his favor. *Campbell, supra; See Wayne Township, supra.*

■ Neice, as proponent of the motion for summary judgment, carried the burden of proof. *Campbell, supra.* In attempting to undermine the judgment of a sister state, Neice was also required to rebut the presumption in favor of its validity. *Podgorny, supra; McCarthy, supra; Kniffen v. Courtney,* (1971) 148 Ind.App. 358, 266 N.E.2d 72. He raised four arguments attacking the judgment: (1) the California court lacked personal jurisdiction, (2) the statute of limitations for paternity actions had run, (3) the support order was modifiable and therefore not entitled to full faith and credit, and (4) the enforcement of the judgment under the circumstances of this case would be inequitable. Since the trial court did not designate the facts which were undisputed or the legal basis for its judgment, we assume the judgment was based on one of these arguments and will discuss them in order.

*Personal Jurisdiction*

■ It is well established that collateral attack of a foreign judgment is permitted only in regard to the jurisdiction of the rendering court. *McCarthy, supra; Kniffen, supra; See Podgorny, supra.* Therefore, only jurisdictional facts on which a foreign judgment is founded may be considered in determining whether full faith and credit must be extended to such a judg-

ment. *See Irons v. Irons,* (1961) 242 Ind. 504, 178 N.E.2d 156; *McCarthy, supra.*

■ California has enacted the following statute governing personal jurisdiction in paternity actions:

"Jurisdiction; superior court; place of act of conception; venue

(a) The superior court has jurisdiction of an action brought under this part.

(b) A person who has sexual intercourse in this state thereby submits to the jurisdiction of the courts of this state as to an action brought under this part with respect to a child who may have been conceived by that act of intercourse.

(c) The action may be brought in the county in which the child resides or is found or, if the father is deceased, in which proceedings for probate of his estate have been or could be commenced."

*Calif. Civil Code* § 7007. California also follows the rule that its courts may exercise personal jurisdiction on any basis not inconsistent with the Constitution of the United States or the Constitution of California. *Calif.Code Civ.Proc.* § 410.10.

■ Neice admits he had sexual intercourse with Paulin in California, but argues that this alone does not constitute the minimum contact due process requires for personal jurisdiction under *International Shoe Co. v. State of Washington,* (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. We disagree. Indeed, this court has interpreted Ind.Rules of Procedure, T.R. 4.4(A)(2) to apply in paternity proceedings. In *Neill v. Ridner,* (1972) 153 Ind.App. 149, 286 N.E.2d 427, Ridner alleged that she and Neill had had sexual intercourse in Monroe County and that she had given birth to twins as a result. Neill had since left Indiana and was personally served in Kentucky. After determining that "the act or acts which give rise to an action of bastardy" could be described as "causing personal injury or property damage by an act or omission done within this state," T.R. 4.4(A)(2), the court said:

"In determining the validity of TR. 4.4(A) there is a recognition that the twin requirements of 'minimum contact' and 'adequate notice' must be observed. Both are present in a manner deemed by us to be more than sufficient to satisfy 14th Amendment due process.

Noting that the alleged act here under consideration took place in Monroe County, Indiana, a greater amount of 'minimum contact' is present than delivering an insurance contract and mailing premiums (*McGee v. International Life Ins. Co.* [1957], 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223); negligent skiing (*McKennis v. Collingwood*, U.S.D.C.Vt., 55 F.R.D. 156, decided 13 April, 1972); or continued use of a confusingly similar trade name (*Technical Publishing Co. v. Technology Publishing Corp.* [1972], 339 F.Supp. 225), to cite but a few examples."

*Neill, supra*, 153 Ind.App. at 153, 286 N.E.2d 427. This analysis is equally applicable to the law of California. The conduct ascribed to Neice has resulted in the birth of a child who is a citizen of California and has only one parent to care for him. To base jurisdiction on this degree of contact with a sister state does not "offend 'traditional notions of fair play and substantial justice.' " *International Shoe, supra*, 326 U.S. at 316, 66 S.Ct. at 158, and the minimum contact requirement of due process is satisfied. *See generally Griese-Traylor Corporation v. Lemmons*, (1981) Ind.App., 424 N.E.2d 173.

*Statute of Limitations*

There is no disputing the fact that the California paternity judgment was entered over thirteen years after the birth of Donnie. Neice did not cite the applicable California statute of limitations, but argued instead that under the "providers domicile rule," Calif.Code Civ.Proc. § 1670; Ind. Code 31–2–1–7, Indiana's statute of limitations, Ind.Code 31–6–6.1–6 (Supp.1981), should be applied.[2] There is no merit in this argument.

Neither party has cited the law of California on this subject. We, therefore, presume that it is the same as the law in Indiana. *Kniffen, supra; Igleheart Brothers, Inc. v. John Deere Plow Company*, (1943) 114 Ind.App. 182, 51 N.E.2d 498. We reemphasize that no collateral attack of a foreign judgment is permitted on non-jurisdictional grounds. *McCarthy, supra; Kniffen, supra; See Podgorny, supra*. Like most statutes of limitations, the statute of limitations for paternity actions is not jurisdictional; it bars the remedy only and must be pleaded and proven as an affirmative defense. *See Bennett v. Bennett*, (1977) 172 Ind.App. 581, 361 N.E.2d 193; *D.E.F. v. E.M.*, (1977) 173 Ind.App. 274, 363 N.E.2d 1030; *Adams v. State*, (1925) 197 Ind. 80, 149 N.E. 886. Neice, therefore, waived this defense when he failed to appear in the California action, and it would have been error to enter summary judgment on this ground. Neice also argued that Ind.Code 31–6–6.1–6 requires that all actions filed pursuant to Title IV–D of the Social Security Act be filed before the child's fifth birthday. Ind.Code 31–6–6.1–8 pertains to blood tests and is irrelevant to this issue. Title IV–D, 42 U.S.C. § 651 *et seq.*, provides funds for the enforcement of support obligations, and the failure to qualify for funding does not deprive a party of the right to sue or recover a judgment. Moreover, the issue was waived when Neice failed to appear and raise it as a defense in California.

*Equity*

Neice contended that the trial court could deny full faith and credit on equitable grounds because the circumstances surrounding the paternity and support judgment rendered its enforcement unjust. Equitable relief could be granted if there were some unfairness in California's procurement of jurisdiction over Neice. *See State ex rel Adam v. Martin*, (1926) 198 Ind. 516, 154

---

**2.** The California paternity action was captioned *Donnie Neice, Jr., et al. v. Donnie Lue Neice.* If Indiana law were applied, Donnie's action would not be barred by the statute of limitations. Ind.Code 31–6–6.1–6(b). Furthermore, Indiana's statute of limitations, like those of many states, is tolled when a defendant leaves the jurisdiction. Ind.Code 34–1–2–6.

N.E. 284; *McCarthy, supra; Hegarty v. Curtis,* (1950) 121 Ind.App. 74, 95 N.E.2d 706. For example, a foreign decree may be collaterally attacked for fraud when such fraud induces the court to exercise jurisdiction it actually does not have. *Hegarty, supra.* In the case at bar, Neice argued that the following factors entitled him to equitable relief: (1) Thirteen years passed between the birth of Donnie and the paternity judgment, (2) it was "impossible" for Neice to defend the paternity action, (3) he is not Donnie's father, and (4) URESA was not in effect when Donnie was born. The court would have erred in granting summary judgment based on this argument.

Initially we note that factors (3) and (4) are irrelevant. Paternity was not properly before the trial court, as it had been adjudicated in California, and support was only sought for the period beginning January 1981, long after the passage of URESA. All that remains are factors (1) and (2) and Neice's vague allegation of unfairness. Factor (2), impossibility, appears laden with factual disputes and (1) adds no weight to the argument, because any statute of limitation defense has been waived. Moreover, issues such as fairness and justice will rarely if ever be appropriate for summary judgment. When undisputed facts are considered in the context of fairness, conflicting inferences can be drawn which may affect the result; this question was inappropriate for summary judgment. *Carrell, supra; Letson, supra.*

Furthermore, the record reveals no evidence demonstrating why it was impossible for Neice to defend an action in California. We see no reason why it was more "impossible" for him to defend in California than it would have been for Paulin to sue in Indiana, or why the mere lapse of time affected his ability to defend in a distant state. If a parent of an illegitimate child could so easily move beyond the reach of a court's jurisdiction, such children would be deprived of the support to which they are legally entitled. Such a situation would be intolerable as well as inequitable. Since California's exercise of jurisdiction over Neice conforms to the due process requirements of *International Shoe,* it cannot be unfair to require Neice to appear and defend or accept the consequences. We know of no case, and Neice cites none, which holds that equity may in effect deprive the court of a sister state of jurisdiction due to the passage of time.

*Finality of the support order*

 Neice argued that since the support order was modifiable, it was not entitled to full faith and credit as a final judgment. This is true. In *Kniffen* this court said:

"Once it is determined that the court of Kentucky had jurisdiction full faith and credit must be given to the decree. *Williams v. North Carolina,* [325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577] *supra.* However, the courts of Indiana are not obligated to give the decree any further effect than is the State rendering the decree. Thus, those portions of the decree that are not final, *i.e.,* custody and support, fall within the doctrine of comity and if valid in the State granting the divorce are valid in every other State." (Footnote omitted.)

148 Ind.App. at 363, 266 N.E.2d 72. This court then concluded that under Indiana law the order could be modified prospectively only, upon a proper showing that the requisite conditions were met. In the case at bar we have already decided that there are no grounds for collateral attack of the paternity judgment. Therefore confirmation and enforcement of the support order were required under URESA and the strong policy evidenced by URESA of granting comity to such support orders. *See* Ind.Code 31–2–1–32 to 38.

We conclude that the trial court improperly entered summary judgment for Neice. We reverse the judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.

RATLIFF, P. J., and ROBERTSON, J., concur.