STATE of Indiana on the Relation of Virgil C. CORLL et al., Relators,

v.

The WABASH CIRCUIT COURT and the Honorable Daniel J. Vanderpool, as Judge thereof, and Kelly Schenkel, as Clerk of the Wabash Circuit Court, Respondents.

No. 85S00–9402–OR–116.

Supreme Court of Indiana.

March 28, 1994.

Virgil L. Beeler, Joseph H. Yeager, Jr., Cynthia M. Cormany, Baker & Daniels, Indianapolis, Scott L. Starr, Jon M. Myers, Logansport, for the relators.

Edward O. DeLaney, Anne N. DePrez, Barnes & Thornburg, Indianapolis, Richard P. Fisher, Fisher & Ireland, Wabash, for the party opposing the relators.

DeBRULER, Justice.

This is an original action, brought by relators against the Circuit Court of Wabash County, Indiana, and the judge and clerk thereof, for a writ of mandate to compel the circuit court to vacate its orders concerning the action of the clerk of court upon a praecipe for withdrawal of a civil case filed pursuant to Ind. Trial Rule 53.1.

The jurisdiction of this Court to issue writs as supervision of the other courts of the State is plenary and express in the state constitution and in statute. Ind. Const. art. VII, § 4; Ind.Code § 34–1–58–1 (West Supp. 1993). The implementation of this jurisdiction is governed by Ind. Original Action Rule 2.

The case in progress below is an action against a brokerage house by customers

seeking to recover losses on securities they purchased. Relators are plaintiffs. The defendant brokerage house filed several motions for summary judgment upon which a hearing was completed on November 3, 1993. On January 27, 1994, before respondent ruled on the motions, relators filed a praecipe for withdrawal of the cause pursuant to T.R. 53.1. On January 28, 1994, before the clerk could complete action upon the praecipe, respondent ordered the process upon the praecipe to be stopped. The clerk complied. Respondent then ruled upon the motions.

T.R. 53.1(A) provides in pertinent part:

In the event a court ... fails to rule on a motion within thirty (30) days after it was heard ... upon application by an interested party, the submission of the cause may be withdrawn....

T.R. 53.1(B) provides in pertinent part:

The time limitation for ruling ... shall not apply where:

. . . . .

(2) The parties ... stipulate or agree on record that the time limitation ... shall not apply; or

(3) The time limitation ... has been extended by the Supreme Court as provided by Section (D) of this rule....

. . . . .

T.R. 53.1(C) provides in pertinent part:

For the purposes of [T.R. 53.1], a court will be deemed to have ruled ... at the time the ruling ... is entered into a public record of the court or at the time the ruling ... is received in the office of the clerk of the court for filing.

T.R. 53.1(E) provides in pertinent part:

Upon the filing ... of a praecipe ..., the Clerk ... shall ... determine whether or not a ruling has been delayed beyond the time limitation ...

. . . . .

(2) If the Clerk determines that a ruling ... has been delayed beyond the time limitation ..., the Clerk shall give ... notice to the judge of the cause and the Supreme Court of Indiana that submission of the cause has been withdrawn....

This Court has held that a defense motion to dismiss is a motion within the contemplation of T.R. 53.1. *Lewis v. Burke* (1972), 257 Ind. 597, 277 N.E.2d 161. On the other hand, the motion to correct an erroneous sentence is not such a motion. *State ex rel. Gordon v. Vanderburgh Circuit Court* (1993), Ind., 616 N.E.2d 8. The court of appeals has considered a motion for summary judgment as one within the contemplation of T.R. 53.1. *See McCarthy v. McCarthy* (1971), 150 Ind. App. 640, 276 N.E.2d 891. However, there is no such express holding here or in the court of appeals. It is express that the rule itself is not self-executing, and must be properly invoked by a party before a trial judge rules. *Jolly v. Modisett* (1971), 257 Ind. 426, 275 N.E.2d 780; *Raisor v. Kelly* (1971), 258 Ind. 1, 275 N.E.2d 542.

In issuing the January 28th order that stopped the clerk, respondent reasoned that (1) there was no appellate decision that the thirty (30) day limit should apply to summary judgment motions, (2) a period of thirty days is too short, and (3) any right was waived by failure to object when respondent announced that he would rule within ninety (90) days, the time permitted for ruling after trial under T.R. 53.2. Defendants in this Court add that the litigation is complex and that additional delay, with waste of judicial resources, will result from a writ.

On the surface, the instigating paper carries the name "motion," viz. "motion for summary judgment." T.R. 56. At the heart, summary judgment procedure is not a substitute for a trial. *See Sartor v. Arkansas Natural Gas Corporation,* 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The purpose of the summary judgment procedure is to preserve the court from frivolous claims and defenses, and to defeat attempts to use formal pleading as a means to delay the recovery of just demands. *Fidelity and Deposit Co. v. United States,* 187 U.S. 315, 23 S.Ct. 120, 47 L.Ed. 194 (1902). It cannot cut off the right to trial where factual disputes exist. *White v. Indiana Realty Associates II* (1990), Ind., 555 N.E.2d 454; *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d

1138. A single genuine issue as to any material fact forecloses entry of summary judgment. *Brandon v. State* (1976), 264 Ind. 177, 340 N.E.2d 756. The procedure is summary in nature and the court does not weigh evidence or judge the credibility of witnesses. *Burke v. Capello* (1988), Ind., 520 N.E.2d 439. The court must be aided in the summary process by the parties' specific designations of supporting evidentiary matter. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431.

■ Based upon considerations of the nature of the practice and the features of T.R. 53.1, we conclude that the summary judgment motion is one contemplated by T.R. 53.1 and should be ruled upon accordingly. Where a court requires more than thirty days to rule upon a motion, an extension of time is made available through the application process by T.R. 53.1(B)(3). An extension of time to rule can also be achieved through agreement of counsel to that effect upon the record as sanctioned by T.R. 53.1(B)(2).

The petition is granted. Respondent is instructed to set aside the order interdicting the clerk's action upon the praecipe, and to permit the clerk to complete that action as required by the rule. This opinion shall operate as a writ, and no separate writ is issued.

SHEPARD, C.J., and GIVAN, DICKSON and SULLIVAN, JJ., concur.